SPRINGVILLE, A MUNICIPAL CORPORATION, RESPOND-
ENT, *v.* DON C. JOHNSON, APPELLANT.

TAXATION.—LANDS OWNED BY MUNICIPAL CORPORATIONS EXEMPT.
—VOID TAX SALE.—The city of Springville owned 900 acres of
land situate within its corporate limits which was sold for
county and territorial taxes for 1892.   The land was not used
for any corporate purposes, but rented for pasturage of cattle
for a price from which the city derived a revenue.   1 Comp.
Laws, § 2009, provides that "all property situate in this ter-
ritory is taxable except * * * property, owned by this
territory, or any county, city or school district.   The charter
of Springville, 1 Comp. Laws 1888, § 1037, provides that the
city shall have power to purchase, receive and hold, real estate
in said city, and also beyond the said city, for burying grounds
and other public purposes, and to buy, sell, lease, convey and
dispose of, improve and protect such property as natural per-
sons.   *Held*, that the land was exempt from taxation, and
that the tax sale thereof was illegal and void.

(No. 511.   Decided July 27, 1894.   37 P. R. 577.)

APPEAL from the District Court of the First Judicial District, Hon. H. W. Smith, *Judge.*

Action by Springville, a municipal corporation, against Don C. Johnson, to quiet title to land and to have a tax sale thereof declared illegal and void. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Mr. A. D. Gash* and *Messrs. Williams, Van Cott & Sutherland,* for appellant.

The land involved was held by the city for no public purpose, and is liable for county and territorial taxes. The city holds the property for private and speculative purposes, and if it may escape the burden of taxation it compels other property holders to pay taxes for it. Surely such a result can never have been within the contemplation of the framers of the statute in question. Notwithstanding the broad language of the statute, we think the court should restrict its meaning by interpretation. Sedg. on Con. Stat. and Con. Law, 261, 296; *Pierce* v. *Cambridge,* 2 Cush. 611; *Proprietors* v. *Lowell,* 1 Met. 538; *Orr* v. *Baker,* 4 Ind. 86; *Ill. Cent. R. R.* v. *Irvin,* 72 Ill. 452; *Mayor of Balt.* v. *Greenmount Cemetery,* 7 Md. 517. The usual rule is that the effects and consequences of a particular construction are to be considered, and when the literal interpretation would operate unjustly, the intent of the statute should be followed. Sedg. 255, 261, 296, 195, 201; *Jackson* v. *Collins,* 3 Cow. 89, 96; *Ryegate* v. *Woodsboro,* 30 Vt. 746; *Ex parte Ellis,* 11 Cal. 222; *State* v. *Clark,* 5 Dutch. 96; *Taylor* v. *Taylor,* 10 Minn. 107 (81); *Briggs* v. *Easterly,* 62 Barb. 61; *Kennedy* v. *Gies,* 25 Mich. 83. It is the duty of the court to restrain the operation of a statute within narrower limits than its words import, if satisfied that the literal meaning of its language would extend to cases which the legislature

never designed to embrace in it. *Brewers' Lessee* v. *Blougher,* 14 Pet. 198; *Reiche* v. *Smythe,* 13 Wall. 164. General words will be restricted or enlarged to meet the legislative intent. Suth. Stat. Con. § 218; *Eureka Case,* 4 Saw. 302, 317. Where property is held by a city in a private capacity and revenue is derived, the reasons for exempting such property from taxation entirely fail. Under a general granting of power to buy and hold real property, cities may buy and hold real estate for corporate purposes only. 2 Dillon Mun. Corp. 562–3, 573–76. This tract of land was held by the city for profit or speculation. It certainly could not have been the intent of the legislature to exempt such land from taxation. Appellant contends: (1) That the general purpose of the statute is to exempt the property of the territory, county, city and school district, because its use is public and produces no revenue. (2) That the property being such as the city could not legally acquire, its exemption could not have been within the legislative intent.

*Messrs. Sutherland & Howatt,* for respondent.

The state is the sovereign. All public corporations partake of sovereignty, and the rules exempting sovereigns apply to such public corporations. Endlich on Stat. §§ 161–3; *Van Brocklin* v. *State of Tennessee,* 117 U. S. 151–173; *U. S.* v. *R. R. Co.,* 17 Wall. 322, 329; *Low* v. *Lewis,* 46 Cal. 550; Cooley on Taxation, 172; *Trustees of Public Schools* v. *City of Trenton,* 30 N. J. Eq. 677 and note; *Rochester* v. *Rush,* 80 N. Y. 302; *Louisville* v. *Commonwealth*; 1 Duv. 295. The statute of this territory contains an express exemption. 1 Comp. Laws 1888, § 2009. By its charter, Springville is permitted to own real property and to improve and protect it as a natural person. 1 Comp. Laws § 1037.

23

Merritt, C. J.:

This action was brought by plaintiff to quiet title. The plaintiff is a municipal corporation organized under a special charter (1 Comp. Laws, p. 474). For many years prior to 1892, it was the owner of about 900 acres of land, situate within its corporate limits, which was not used for any corporate purpose, but was rented for pasturage of cattle, from which the city derived revenue. Taxes for county and territorial purposes were assessed against this land in 1892, and upon failure of the city to pay such taxes the lands were sold to defendant. A bill was filed by plaintiff in the court below for a decree that the land was exempt from taxation, and that the tax sale thereof was void; that plaintiff be quieted and confirmed in its title and ownership of the land. On the trial of the case the court found (1) that the facts stated in the complaint were true; (2) that the real property described in the complaint, in 1892, was situated within the limits of Springville, a municipal corporation having a charter as a city, and the same was then owned, and had been for many years, by the said city, and used for profit by the said city, by renting the said lands for pasturage. As conclusions of law, the court below held that the plaintiff was the owner in fee of the land, that it was not liable to taxation, and the proceedings to tax the same were illegal and void; and a decree was entered annulling the sale of said premises, and quieting and confirming title of plaintiff.

The only question in the case is whether the real estate owned by the plaintiff, and described in the complaint, was liable to taxation for county, school, and territorial purposes in 1892. By legal implication and by express statute, it was so exempt. By a general provision the revenue law professes to make all property within the

territory taxable.  Even in the absence of any express exemptions, it is settled by the authorities that the property of a municipal corporation could not be subject to taxation under such general provision.  It is a principle of interpretation of statutes that they do not apply to the sovereign, unless named.  The state is sovereign, and all public corporations partake of sovereignty, and the rules exempting sovereigns apply to such corporations. End. Interp. St. §§ 161, 163.

In *Van Brocklin* v. *State of Tennessee*, 117 U. S. 151, 173, 6 Sup. Ct. 670, the court uses this language: "General tax acts of a state are never, without the clearest words, held to include its own property or that of its municipal corporations, although not in terms exempt from taxation." In the case of *U. S.* v. *Railroad Co.*, 17 Wall. 322, the supreme court of the United States say: "A municipal corporation, like the city of Baltimore, is a representative, not only of the state, but is a portion of its governmental power.     *     *     *     As a portion of the state in the exercise of a limited portion of the powers of the state, its revenues, like those of the state, are not subject to taxation." *Low* v. *Lewis*, 46 Cal. 550; *People* v. *Doe*, 36 Cal. 220; Cooley, Tax'n, 172; *Directors of Poor* v. *School Directors*, 42 Pa. St. 21.  The statute of the territory contains an express exemption.  1 Comp. Laws, p. 720, § 209, subsec. 2, provides that:  "All property situate in this territory is taxable, except     *     *     *     (3) Property owned by this territory, or any county, city, or school district."  By section 2 of the charter of Springville, general powers are given as follows:  "The inhabitants of said city, by the name and style aforesaid, shall have power     *     *     *     to purchase, receive and hold property, real and personal, in said city; to purchase, receive and hold real estate beyond the city for burying grounds or other public purposes for the inhabitants of

said city; to sell, lease, convey and dispose of property, real and personal, for the benefit of said city; to improve and protect said property, and do all other acts in relation thereto as a natural person." 1 Comp. Laws, p. 474, § 2. Power is here given to buy, sell, and hold property in the city without restriction, The next specification of power is equally as expressive: "The city may improve its real property and hold it to derive revenue by leasing or selling, and by the standard of the rights of natural persons."

Appellant's counsel have devoted the greater part of their brief in citing authorities on the construction of statutes. We do not deem it necessary to devote attention to them, for, while they are doubtless good law when applied to statutes whose language is ambiguous, in this case the exemption from taxation of the property of cities is so clear and expressive that there would seem to be no room for any doubt, or necessity of resorting to any rule of construction. The exemption is absolute, and depends upon no condition but ownership by the city. *Railroad Co.* v. *Dennis,* 116 U. S. 665, 6 Sup. Ct. 625. The judgment is affirmed.

MINER and BARTCH, JJ., concur.