[No. 5036.]
[No. 2596 C. A.]

THE CITY OF COLORADO SPRINGS v. THE BOARD OF COUNTY COMMISSIONERS OF FREMONT COUNTY.

Taxes and Taxation—Cities and Towns—Lands Purchased for Water Rights.

Lands purchased by a city for the purpose of securing the water rights for domestic purposes, are not subject to taxation, although the city leases such lands and does not use them for municipal purposes, as §4, art. 10, Colo. Const., and Mills' Ann. Stats., §439, in harmony therewith, impose but one condition essential to such exemption, and that is ownership by the city. —P. 233.

*Appeal from the District Court of El Paso County. Hon. M. S. Bailey, Judge.*

Action by the Board of County Commissioners of the county of Fremont against the city of Colorado Springs to have taxes levied upon certain property

of the defendant. From a judgment in favor of plaintiff, defendant appeals. *En banc. Reversed.*

Mr. J. W. SHEAFOR and Mr. WILLIAM C. ROBINSON, for appellant.

Mr. J. H. MAUPIN and Messrs. WALDO & DAWSON, for appellee.

Mr. JUSTICE GUNTER delivered the opinion of the court:

Appellant, the city of Colorado Springs, purchased certain lands and an irrigating ditch, and water rights used therewith. The purpose of the purchase of the lands was to procure the water rights, and thereby to increase the supply of water for domestic purposes of appellant city. The system of water works furnishing this supply of water, thus to be supplemented, was owned by appellant.

After the purchase of the lands the water rights were disconnected therefrom, and the point of diversion changed. After such severance the lands were leased by appellant to neighboring ranchmen. They were not thereafter used for municipal purposes.

These lands are in the county of Fremont. The city of Colorado Springs in the county of El Paso. The lands were assessed for taxation, and taxes levied thereon, by the authorities of Fremont county. The present action was brought to have certain taxes levied under said proceedings declared void, and to enjoin the county authorities from subjecting the land to taxation. The facts appear from the pleadings and an agreed statement.

The defendant board, appellee, had judgment below dismissing the action. Therefrom is this appeal. It is conceded that the question decisive of this review is: Were the lands so held and so used subject to taxation? This question is determined by section 4, article 10 of our constitution, which reads:

"The property, real and personal, of the state, counties, cities, towns and other municipal corporations, and public libraries, shall be exempt from taxation."—Mills' Ann. Stats., vol. 1, § 439.

In harmony with this constitutional provision the legislature enacted:

"The following class of property shall be exempt from taxation, to wit;   *   *   *   Third, The property, real and personal, of the state, counties, cities, towns and other municipal corporations, and public libraries."—Mills' Ann. Stats., vol. 2, § 3766.

If the exemption from taxation provided by the constitution is effective, that is, if the section quoted therefrom means what it expressly says, it is the end of this matter. No question is made as to the right of the city to purchase and hold these lands. Further, express authority is given by the legislature for such purchase and holding.

"Incorporated towns and cities shall have power to purchase water and water rights for the purpose of supplying such towns and cities, and the inhabitants thereof, with water, in all cases where condemnation would lie to obtain the same under sub-division 73 of section 14, chapter 109, of the general statutes of Colorado, and when deemed necessary and proper the board of trustees or city council of such town or city may purchase and hold the lands with which said water right is connected, whether the same be within or beyond the corporate limits thereof.   *   *   *   The right to retain and hold water rights, or such lands and water rights as may have heretofore been purchased by any town or city in this state for the purpose of providing water for the use thereof, or that of its inhabitants, is hereby given, and ratified and confirmed to such town or city."— 3 Mills' (Rev.) Stats., §§ 4540a, 4540c.

To sum up. The city owns and is entitled to hold these lands—they are property real of the municipal corporation, the city of Colorado Springs. According to the express language of the constitution, there is but one condition essential to their exemption from taxation, and that is, ownership by the city. This condition is satisfied by the admitted facts herein. We think the property exempt from taxation, and that the lower court erred in ruling otherwise.

In *Springville, a Municipal Corporation, .v. Johnson,* 10 Utah 351, it was claimed that a body of lands owned by the city and not used for any corporate purpose was subject to taxation for county and territorial purposes. It was contended that aside from the implied exemption of the lands from taxation, because the municipality owning it was a part of the state in the exercise of a limited portion of the power of the state, it was expressly exempt under the following statute:

"All property situate in this territory is taxable, except * * *. property owned by this territory, or any county, city or school district."

The court held the land expressly exempt under the statute, saying:

"In this case the exemption from taxation of the property of cities is so clear and expressive that there would seem to be no room for any doubt, or necessity of resorting to any rule of construction. The exemption is absolute and depends upon no condition but ownership by the city."

See also, *State Prosecutor v. Conover, Tax Collector,* 63 N. J. Law 191.

The judgment will be reversed, with instructions to the lower court to enter up judgment for the plaintiff, as prayed in its complaint.

*Reversed.*

Decision *en banc.*