[S. F. No. 5874.   Department One.—September 20, 1912.]

# A. M. WEBSTER, Respondent v. BOARD OF REGENTS OF THE UNIVERSITY OF CALIFORNIA, Appellant.

REGENTS OF UNIVERSITY OF CALIFORNIA—MISNOMER IN COMPLAINT AND JUDGMENT—APPEAL TAKEN IN TRUE NAME.—The Regents of the University of California may take an appeal in that its true name in an action in which it was sued and judgment rendered against it in the name of the "Board of Regents of the University of the State of California."

ID.—TAXATION—MORTGAGE TO REGENTS—SALE FOR DELINQUENT TAXES AGAINST MORTGAGOR—DEEDS TO AND BY STATE—MORTGAGEE'S INTEREST NOT AFFECTED.—Where land is mortgaged to the Regents of the University of California, and a tax-sale and conveyance of the mortgagor's interest is made to the state and a re-sale and deed thereupon is made by the state to an individual, under section 3897 of the Political Code, all at times when the constitutional provision was in force declaring that for purposes of taxation the interest of the mortgagor and that of the mortgagee in the land mortgaged should be distinct interests and separately taxable, such sales and deeds did not operate upon the mortgage interest or lien of the mortgagee or vest title in the tax-sale purchaser free from the mortgage lien.

ID.—MORTGAGE TO REGENTS PROPERTY OF STATE—EXEMPTION FROM TAXATION.—A mortgage of land, executed to the Regents of the University of California, to secure money due said body for any purpose for which it was created, and the interest which it thereby, for the purposes of taxation, holds in the land, is the property of the state, within the meaning of section 1 of article XIII of the constitution, exempting state property from taxation, and as such the said interest is exempt from taxation.

ID.—SALE AND DEED UNDER ASSESSMENT AGAINST MORTGAGOR—INTEREST OF MORTGAGOR-ONLY PASSES.—The mortgage interest belonging to the regents being thus free from taxation, it follows that the lien of the tax assessments, made upon the interest of the mortgagor alone, did not extend to or include the interest vested in the state by virtue of the mortgage to the regents, and the tax-sales and deeds, made in pursuance of such assessments, were confined to the interest of the mortgagor, and did not operate to transfer or convey the exempt interest of the state represented by the mortgage.

ID.—PURCHASER UNDER TAX DEED TAKES SUBJECT TO MORTGAGE TO REGENTS.—The purchaser at the tax sale by the state only acquired the right and title of the mortgagor in the land, that is, the right

CLXIII-Cal.—45

to pay off the mortgage at any time before a foreclosure sale, and the right to redeem from said sale for six months after it was made, and thereupon to hold the land discharged therefrom. His title was subject to the mortgage and to a foreclosure judgment and not paramount to them.

ID.—CONSTITUTIONAL LAW—CONSTRUCTION OF PROVISIONS APPARENTLY CONFLICTING.—The foregoing results follow, nothwithstanding section 4 of article XIII of the constitution declares that a tax levied upon either the interest of the mortgagor or that of the mortgagee, shall be a lien upon both interests. Such section should be construed so as to harmonize with section 1 of the same article, and must be understood as referring wholly to the taxation of private property and to mortgages made to private persons and not to those belonging to the state. The rule that a tax lien is paramount and prior to a mortgage lien must for like reasons give way when the mortgage lien is exempt from taxation because the mortgage is the property of the state.

ID.—TAXATION LAWS ONLY REFER TO PRIVATE PERSONS AND PROPERTY. The constitution and laws upon the subject of taxing property are to be understood as referring to private property and persons, and not including public property of the state, or any subordinate part of the state government.

ID.—LAWS GIVING LIENS FOR TAXES OR RIGHT OF SALE NOT APPLICABLE TO PUBLIC PROPERTY.—The general rule applied in all such cases is that statutes authorizing liens on or forced sales of property, generally, will not be held applicable to public property, unless the intention to make them so expressly or plainly appears.

APPEALS from a judgment of the Superior Court of Alameda County and from an order refusing a new trial. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

F. A. Cutler, and Warren Olney. Jr., for Appellant.

James H. Boyer, for Respondent.

SHAW, J.—The appeals presented were taken by the defendant from the judgment and from an order denying it a new trial.

In the complaint and judgment the name of the defendant is stated to be "Board of Regents of the University of the State of California." The notices of appeal state that the appeals are taken by the defendant and its true name is

"Regents of the University of California." Respondent moves to dismiss the appeals because of this discrepancy, claiming that there is no appeal on behalf of the party named in the complaint and judgment as the defendant. There is no merit in the motion. The name as given in the complaint and judgment is a misnomer. The true name is that given in the notices of appeal. (Stats. 1867–8, p. 252.) The misnomer in this case is wholly immaterial.

The only question necessary to decide is whether or not, where land is mortgaged to the Regents of the University of California, and a tax-sale and conveyance of the mortgagor's interest is made to the state and a re-sale and deed thereupon is made by the state to an individual, under section 3897 of the Political Code, such sales and deeds operate upon the mortgage interest or lien of the mortgagee and vest title in the tax-sale purchaser free from the mortgage lien. The sales all took place while the constitutional provision was in force declaring that for purposes of taxation the interest. of the mortgagor and that of the mortgagee in the land mortgaged should be distinct interests and separately taxable.

The mortgage to the regents was executed on December 6, 1890, and was duly recorded. The tax-sales to the state were made on July 3, 1897, for the taxes of 1896. The deeds from the tax-collector to the state were made on July 7, 1902. The state controller, on March 20, 1905, directed the tax-collector to sell the lands in pursuance of said sales and deeds. The tax-collector thereupon, on April 18, 1905, sold said lands to the plaintiff and executed to him deeds therefor in due form.

On August 31, 1899, the Regents of the University of California began an action in Alameda County, where said land is situated, to foreclose its said mortgage, making parties defendant thereto all persons interested in the land except itself and the state of California, and notice of the pendency of the action was duly filed on the same day. Process was duly served, or appearances duly entered, and on January 4, 1905, judgment of foreclosure of said mortgage and for the sale of said property was duly given. Said judgment was entered on January 19, 1905. Thereafter on May 16, 1905, said lands were duly sold, in pursuance of said judgment, to the Regents of the University of California. No redemption having been

made, a deed was duly executed to said purchaser on December 28, 1905.

Upon these facts there can be no serious doubt of the proposition that the title is not in the plaintiff, but in the defendant, and that the finding to the contrary is without support in the evidence.

The constitution declares that all property belonging to the state shall be exempt from taxation. (Art. XIII, sec. 1.) A mortgage of land, executed to the Regents of the University of California, to secure money due said body for any purpose for which it was created, and the interest which it thereby, for the purposes of taxation, holds in the land, is the property of the state, within the meaning of this provision, and as such the said interest is exempt from taxation. (*Hollister* v. *Sherman,* 63 Cal. 38; *People* v. *Board of Supervisors,* 77 Cal. 137, [19 Pac. 257]; *Henne* v. *Los Angeles Co.,* 129 Cal. 298, [61 Pac. 1081].) The mortgage interest belonging to the regents being thus free from taxation, it necessarily follows that the lien of the tax assessments, they being made upon the interest of the mortgagor alone, did not extend to or include the interest vested in the state by virtue of the mortgage to the regents. Hence, the tax-sales and deeds, made in pursuance of the assessments upon the mortgagor's interest, did not operate to transfer or convey the exempt interest of the state represented by the mortgage. Their effect was confined to the interest of the mortgagor. The result is that the plaintiff by his purchase and deeds from the tax-collector, conceding that they were regular and valid in form, obtained only the right and title of the mortgagor in the land, that is, the right to pay off the mortgage at any time before the foreclosure sale and the right to redeem from said sale within six months after it was made, and thereupon to hold the land discharged therefrom. His title was subject to the mortgage and to said foreclosure judgment. and not paramount to it. If this were not so, the constitutional provision exempting the mortgage interest of the regents from taxation would be to that extent ineffectual. If the lien of the mortgagor's tax, and the power to sell the land for nonpayment thereof, extended to and covered the mortgage interest of the regents, that interest would not be exempt. To give adequate effect to the constitution and to protect the property of the state as it intends, the ex-

emption must be complete and must exclude not only a direct tax thereon, but also any lien or charge thereon growing out of the tax upon the complementary interest of the mortgagor.

We do not overlook the fact that section 4 of article XIII of the constitution which makes the interest of the mortgagor and mortgagee distinct and separate for the purposes of taxation, declares that a tax levied upon either interest shall be a lien upon both interests, or that it has been directly held that the payment by a mortgagee of the tax on his interest does not exempt it from sale for nonpayment of taxes on the interest of the mortgagor, and also that such tax assessed upon the interest of the mortgagor is paramount to the mortgage itself, although junior thereto in point of time. (*California Loan etc. Co.* v. *Weis,* 118 Cal. 489, [50 Pac. 697].) These two apparently conflicting provisions must be interpreted and applied so as to be in harmony with each other, if reasonably possible. They are to be construed in the same manner as similar provisions of this character have always been construed. The rule applicable thereto is thus expressed in *People* v. *Doe,* 36 Cal. 222: "The constitution and laws upon the subject of taxing property, are, therefore, to be understood as referring to private property and persons, and not including public property of the state, or any subordinate part of the state government." (See, also, *People* v. *Mc-Creery,* 34 Cal. 456; *Low* v. *Lewis,* 46 Cal. 552; *Doyle* v. *Austin,* 47 Cal. 360; *Smith* v. *Santa Monica,* 162 Cal. 221, [121 Pac. 920].) The general rule applied in all such cases is that statutes authorizing liens on or forced sales of property, generally, will not be held applicable to public property, unless the intention to make them so expressly or plainly appears. (*Mayrhofer* v. *Board of Education,* 89 Cal. 110, [23 Am. St. Rep. 451, 26 Pac. 646]; *Ruperich* v. *Baehr,* 142 Cal. 193, [75 Pac. 782], and cases there cited.) It follows, therefore, that the said provision of section 4 of article XIII must be understood as referring wholly to the taxation of private property and to mortgages made to private persons and not to those belonging to the state. The rule that a tax lien is paramount and prior to the mortgage lien must for like reasons give way when the mortgage lien is exempt from taxation because the mortgage is the property of the state.

This conclusion is decisive of the case. The title is vested in the Regents of the University of California and not in the mortgagor. The deeds to the plaintiff conveyed only the interest of the mortgagor in the property, which interest has been extinguished by the foreclosure sale and the deed thereunder. The title is now in the regents free from any claim of the plaintiff.

We do not find it necessary to notice the other points urged by the defendant in support of its appeals.·

The findings are in favor of the plaintiff generally and the specific facts are not stated; hence, we cannot direct a judgment, and a new trial is necessary.

The judgment and order are reversed.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.