## No. 9987.

STEWART, County treasurer of Douglas County, Colorado, v. CITY AND COUNTY OF DENVER.

Decided November 7, 1921.   Rehearing denied January 9, 1922.

Action by county treasurer to recover taxes alleged to be due from the City and County of Denver. Judgment of dismissal.

*Affirmed.*

1.  TAXES AND TAXATION—*City Property Exempt.* All property, real and personal, of Colorado cities, is exempt from taxation.

*Error to the District Court of Douglas County, Hon. J. W. Sheafor, Judge.*

Mr. HAROLD A. SENTER, Mr. FLOR ASHBAUGH, Mr. WM. G. SMITH, Mr. WILLIAM DILLON, for plaintiff in error.

Mr. JAMES A. MARSH, Mr. NORTON MONTGOMERY, for defendant in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action brought by the Treasurer of Douglas County against the City and County of Denver, to recover the sum of $11,983.09 as taxes due upon property of the defendant. A demurrer to the complaint was sustained. The plaintiff electing to stand on the complaint, a judgment was entered against him, dismissing the action, and he brings the cause here for review.

It is admitted, and, moreover, the record shows, that if the property, and each and every part thereof, described in the complaint, is exempt from taxation, the complaint states no cause of action and the court properly dismissed the suit.

The property, above mentioned, consists of real estate, situated in Douglas County and owned by the defendant. The total acreage of the land is 4659.53 acres, of which about 750 acres is improved with costly and highly valuable improvements which form a part of the waterworks system owned and operated by the defendant, the City and County of Denver. An area of 425 acres is under water, forming part of an artificial lake, or reservoir, created and built by the predecessors in title of the defendant, for the purpose of storing water for the system of waterworks above mentioned. Concerning another portion of the real estate, it is alleged in the complaint:

"That * * * about 3910 acres thereof is not actually used by defendant in connection with, or as a necessary part of, its system of waterworks; * * * that neither the acquisition nor the ownership of said 3910 acres, or thereabouts was or is necessary to the efficient and sanitary

conduct and operation of defendant's said system of water-works."

The defendant is a municipal corporation of the State of Colorado, organized and existing as such under the constitution and laws of this state. Whether property, or any property, of a municipal corporation is subject to taxation, depends upon the construction or effect to be given to section 4, article 10, of our state constitution, which reads as follows:

"The property, real and personal, of the state, counties, cities, towns and other municipal corporations, and public libraries, shall be exempt from taxation."

The property described in the complaint lies outside of the territorial limits of the municipal corporation owning the same, and a part of such property is alleged, in effect, to be unnecessary for waterworks or other municipal purposes. These circumstances, however, do not bring the property within any exception to the constitutional provision, above quoted, simply because there is no exception concerning the character or situation of the property. *All* property of a municipal corporation is included. The state of Nebraska has a constitutional provision providing that "the property of * * * municipal corporations, both real and personal, shall be exempt from taxation." In *Omaha v. Douglas County*, 96 Nebr. 865, 148 N. W. 938, the court said:

"The framers of the constitutional provision must have intended to exempt all classes of municipally owned property. That would seem to be the only fair interpretation which can be placed upon the language used in the constitution. * * *"

It is not necessary, however, to refer to decisions in other jurisdictions. The opinion of this court in *City of Colorado Springs v. Fremont County*, 36 Colo. 231, 84 Pac. 1113, may be regarded as decisive of the instant case, and we may say now, as was said in that case, that—

"According to the express language of the constitution, there is but one condition essential to their (the lands') exemption from taxation, and that is, ownership by the city.

This condition is satisfied by the admitted facts herein. We think the property exempt from taxation.   *   *   *"

We quote with approval, as we did in the case last cited, the following from *Springville v. Johnson,* 10 Utah 351, 37 Pac. 577:

"In this case the exemption from taxation of the property of cities is so clear and expressive that there would seem to be no room for any doubt, or necessity of resorting to any rule of construction.   The exemption is absolute, and depends upon no condition but ownership by the city."

It follows that the property described in the complaint is exempt from taxation, and no cause of action is stated. The demurrer was properly sustained.

The judgment is affirmed.

Mr. Chief Justice Scott and Mr. Justice Denison not participating.