GRAND RIVER DRAINAGE DISTRICT OF CASS AND BATES COUNTIES, a Corporation, Appellant, v. A. IVES REID, Treasurer and *ex officio* Collector of Cass County.—111 S. W. (2d) 151.

Division Two, December 17, 1937.

*L. J. Bishop* and *Patterson, Chastain, Graves & Smith* for appellant.

*Roy McKittrick,* Attorney General, *H. G. Waltner,* Assistant Attorney General, and *G. R. Chamberlin* for respondent.

BOHLING, C.—The Grand River Drainage District of Cass and Bates Counties, Missouri, is a corporation organized under Article 1, Chapter 64, Sections 10743-10808, Revised Statutes 1929 (Mo. Stat. Ann., pp. 3462-3530). Section 10766, Revised Statutes 1929 (Mo. Stat. Ann., p. 3494), authorizing drainage districts organized under said article to protect their lien for drainage taxes, was added as a new section to said Article 1 in 1927 [Laws 1927, p. 181]. Section 11020, Revised Statutes 1929 (Mo. Stat. Ann., p. 3659), relating to drainage and levee districts generally, was enacted in 1929 [Laws 1929, p. 178, sec. 1] and authorized such districts to protect their lien for drainage or levee taxes. Said Grand River District states it acquired the several tracts of land here involved under authority of said statutory provisions, and that it holds the same tax exempt as a "municipal corporation." The real estate market being depressed, said district has been unable to make a sale of said tracts at a fair price, and since their acquisition, has rented the tracts as farm land and applied the rentals received to the expenses and bonded indebtedness of the district. The Collector of Revenue presents no issue concerning said district's acquisition of or right to acquire said lands under said statutory provisions. He questions the right of said district to hold and use said lands tax exempt; and the sole contested issue, as briefed for review by the litigants, is whether or not land so acquired and held by said drainage district is exempt from assessment and sale for general taxes accruing subsequent to its acquisition by the drainage district. The judgment *nisi* held it was proper subject matter for taxation.

█ Applicable constitutional and statutory provisions are:

"The property, real and personal, of the State, counties and other municipal corporations, and cemeteries, shall be exempt from taxation. . . . ." [Sec. 6, Art. X, Mo. Const., 15 Mo. Stat. Ann., p. 748.]

"All laws exempting property from taxation, other than the property above enumerated, shall be void." [Sec. 7, Art. X, Mo. Const., 15 Mo. Stat. Ann., p. 754.]

"The following subjects are exempt from taxation: . . . fourth, lands and other property belonging to any city, county, or other municipal corporation in this state, . . ." [Sec. 9743, R. S. 1929, (Mo. Stat. Ann., p. 7863).

Briefly and broadly speaking: Drains are established to take off water. Our General Assembly has provided for the creation of local organizations, under general laws, known as drainage districts, which discharge, primarily, the governmental and public function, referable to the police power, of draining land for agricultural and sanitary purposes for the promotion of the public health, welfare and convenience. Incidental thereto, a properly conceived, constructed and maintained drainage district enhances the value of in-

dividual realty holdings therein and permits of an increase in revenue from taxation. For certain, not necessarily all [Wilson v. King's Lake D. & L. Dist. (Banc), 237 Mo. 39, 46, 139 S. W. 136, 139(4)], purposes drainage districts have been classed as political subdivisions of the State and as municipal corporations [State ex rel. Hausgen v. Allen (Banc), 298 Mo. 448, 458(III, IV), 250 S. W. 905, 907(III, IV); Anderson v. Inter-River Drainage Dist., 309 Mo. 189, 209, 274 S. W. 448, 453(3); Max v. Barnard-Bolckow Drainage Dist., 326 Mo. 723, 728, 32 S. W. (2d) 583, 584(1); and see State ex inf. Gentry v. Curtis (Banc), 319 Mo. 316, 328, 4 S. W. (2d) 467, 470].

■ State ex rel. Caldwell v. Little River Drainage District (Dec. 19, 1921), 291 Mo. 72, 81, 236 S. W. 15, 17(4), held personal property (office furniture, engineering instruments, *et cetera*) owned by a drainage district and used exclusively in discharging its governmental functions was exempt from taxation for State and county purposes, stating: "Our conclusion is that the defendant is a municipal corporation within the meaning of that term as used in the provision of the Constitution dealing with tax exemptions, and that its property, used exclusively in the discharge of its prescribed governmental function, is exempt from taxation." So, too, State ex rel. Kinder v. Little River Drainage District (Dec. 31, 1921), 291 Mo. 267, 236 S. W. 850, held that drainage districts are "municipal corporations" within the meaning of said Section 6, Article X, Missouri Constitution [219 Mo. 1. c. 278(IV), 236 S. W. 1. c. 851(IV)]; and, also, that the portions of a drainage district's detention basins "necessary to store the surplus water in flood time" but devoted to cultivation when not needed for storage purposes was acquired for authorized purposes and was exempt from general state and county taxes, stating, with reference to such cultivated realty: "It would be the duty of the district to husband its resources in that way and obtain any revenue it could by the use of such land, and such use would not subject the land to taxation" [1. c. 282 and 852(3), respectively]. However, the opinion points out [1. c. 276 and 850, respectively] that drainage district legislation authorizes such districts to protect against the injurious effect of water and does not authorize them, as corporate entities, to engage in commercial or money-making enterprises, or to acquire property, real or personal, for speculative or commercial purposes.

The Collector of Revenue does not question the correctness of the rulings that drainage districts are "municipal corporations" within the meaning of Section 6, Article X of our Constitution, upon which, as we understand his brief, he concedes the case turns. He, however, contends the Grand River district, under the facts of the instant case, is holding and using the lands here involved in a proprietary and not

in a governmental and public capacity and that it may not engage in the commercial enterprise of acquiring real estate and leasing it for profit or holding it for speculative purposes tax exempt to the detriment of the State, counties and other political subdivisions.

The instant case was presented under stipulated facts to the effect that after acquiring the lands involved appellant desired to sell the same to satisfy its drainage taxes; that, although it endeavored so to do, it has been unable to obtain a fair price therefor and is holding said lands to protect its lien for drainage taxes. The record presents no fact reflecting or tending to reflect on the bona fides of appellant's acquisition or retention of the lands in controversy for the protection of its lien for drainage taxes. Appellant is holding the lands until it is practical to dispose of them. Its lease of the lands for agricultural purposes and the application of the rentals, pending a sale, to the discharge of its expenses and bonded indebtedness is a husbanding of its resources for the promotion of its governmental and public functions. Rentals derived therefrom are incidental to the primary object and within the spirit of the statute authorizing the protection of its lien for drainage taxes. Such rentals and any proceeds from sales of the lands will stand in lieu of the taxes. The conduct of a commercial enterprise for profit or speculation in land values is not established by the record. Drainage districts are of statutory origin, possessing only such power as is expressly delegated or necessarily implied from those granted. So long as they proceed in conformity with the expressed or implied authority conferred, we perceive no reason why they may not successfully invoke the protection of Section 6, Article X of our Constitution. [Consult annotations in 3 A. L. R. 1439 and 101 A. L. R. 787; Robinson v. Indiana & Ark. L. & M. Co., 128 Ark. 550, 557(4), 194 S. W. 870, 872(4).] We, therefore, reserve for a record presenting the issue whether or not they may acquire and hold, under said Sections 10766 or 11020, lands tax exempt for commercial or speculative purposes or in nonconformity with the spirit of the statutes.

Respondent also directs our attention to St. Louis, v. Wenneker (Banc), 145 Mo. 230, 234(I), 47 S. W. 105(I). That case holds that property held by a city as trustee for the benefit of a particular class is not tax exempt under said Section 6, Article X of our Constitution. The case involved property given by will to the City of St. Louis in trust "to furnish relief to all poor emigrants and travelers coming to St. Louis on their way bona fide to settle in the west." Appellant is required to appropriate a sufficient amount of its drainage tax for the purpose of paying the principal and interest of its issued bonds, "and the same shall, when collected, be preserved in a separate fund for that purpose and no other." [Sec. 10788, R. S. 1929, Mo. Stat. Ann., p. 3515; State ex rel. v. Little River Drain-

age District (Banc), 334 Mo. 753, 762(4), 68 S. W. (2d) 671, 674(5).] Section 10766, supra, provides that upon conveyance to the district ". . . such lands shall thereupon become the property of the drainage district, and may be held, disposed of, and conveyed by the board of supervisors at such price and on such terms, as in the discretion of the board of supervisors may be to the best interest of the district." Under the statute title vests in the district for the benefit of the district as well as any holders of its bonds for the protection of the lien of the district for drainage taxes. It is only when the district disposes of the land and receives the sale price that the drainage taxes are "collected," and the officers of the district may be said to become statutory trustees. The facts are not analogous to those in St. Louis v. Wenneker, supra.

Giving the aforesaid tax-exempt constitutional provision that reasonable construction to which it is entitled when invoked by governmental agencies performing a public service [consult Washington University v. Baumann (Banc), 341 Mo. 708, 108 S. W. (2d) 403, 411(4).], the judgment *nisi* is reversed and the cause remanded with directions to enter judgment in conformity herewith. *Cooley* and *Westhues, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.