## No. 14,475.

WELLSHIRE LAND COMPANY *v.* CITY AND COUNTY OF DENVER.
(87 P. [2d] 1)

Decided January 3, 1939.   Rehearing denied February 14, 1939.

Mr. ISAAC MELLMAN, for plaintiff in error.

Mr. MALCOLM LINDSEY, Mr. THOMAS H. GIBSON, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as the company and defendant in error as the city.

The city bought land of the company "free and clear from all former * * * liens, taxes, assessments and incumbrances." But on the date of the deed the 1936 tax, in the sum of $1261.24, had been assessed and the lien thereof had attached. The property was situate in Arapahoe county, which, on sale for the tax, took the certificate. The city brought this action in specific performance to enforce its warranty. After the execution of the deed the company was dissolved and $1200 was placed in the hands of its president in trust for the payment of this tax. The company demurred to the complaint for want of facts and misjoinder of parties. The demurrer was overruled and it elected to stand. Thereupon judgment was entered in favor of the city "in the sum of $1200.00 and costs." To review that judgment the company prosecutes this writ, asks that it be made a supersedeas, and that final judgment be now entered. There are three assignments. Two go to the ruling on the demurrer and the third to the form of the judgment.

1. Section 4, article X of our Constitution provides: "The property, real and personal, of the state, counties, cities, towns and other municipal corporations and public libraries, shall be exempt from taxation." Relying thereon, and on *Stewart v. Denver*, 70 Colo. 514, 202 Pac. 1085, and similar authorities, counsel for the company says the city is freed of the lien and the tax, is not damaged, and hence has no cause of action. Two answers are evident. First, the lien of record, however invalid, is a cloud on the title. The city is entitled to have this removed by compelling the company to keep its contract. That it might accomplish the same result by some

other action is no concern of the company. Second, this tax was, and still is, due Arapahoe county and the complaint alleges that the warranty was for its benefit. Benefit to a third party is sufficient consideration for a contract. *Bromfield v. Trinidad Nat. Inv. Co.*, 36 F. (2d) 646, 649, 71 A. L. R. 542.

2. The county commissioners of Arapahoe county were also originally named as defendants and a part of the prayer was for exoneration from taxes while the city was seized and possessed of the lands; hence misjoiner of parties is asserted. But the commissioners were not served and that phase of the action was abandoned. The suit thus stands as one against the company only, and as such it is good.

3. Counsel for the company asserts, and it is not denied, that the $1,200 mentioned has been impounded in the registry of the court, and insists that judgment for such fixed sum, in a suit in specific performance, is erroneous. Technically he is right. The company could be ordered to make good its warranty, and since it was in default in a sum over $1,200 and the court found that amount in its registry dedicated to the purpose, it could order it paid to the city as a part of its judgment. The point here is a trivial one and the question one of form only, and since the company appears to have benefited to the extent of $61.24 it is entitled to no relief.

The judgment is affirmed.

Mr. Justice Hilliard, Mr. Justice Young and Mr. Justice Bakke concur.