CITY OF YANKTON, Respondent, v. MADSON, Treasurer of Yankton County, et al, Appellants

(20 N. W.2d 371.)

(File Nos. 8792, 8793. Opinion filed October 19, 1945.)

**Lars A. Bruce,** of Yankton, for Defendant and Appellant.

**Henry C. Mundt,** of Sioux Falls, for Interveners and Appellants.

**W. W. French,** of Yankton, for Respondent.

ROBERTS, J.   This action was brought by the city of Yankton against the treasurer of Yankton County to recover the amount of taxes levied against a certain property acquired by the city for a municipal airport.   The city paid the taxes under protest.   Judgment was rendered in favor of the city for recovery of the amount so paid and from which judgment the county treasurer and interveners, Common School District No. 9 and Mission Hill Township, Yankton County, appeal.

The sole question presented by the record is whether the property is exempt from taxation.

The applicable constitutional and statutory provisions are:

"The property of the United States and of the state, county and municipal corporations, both real and personal, shall be exempt from taxation, provided, however, that all

state owned lands acquired under the provisions of the rural credit act may be taxed by the local taxing districts for county, township and school purposes, in such manner as the legislature may provide." Section 5, Art. 11, State Constitution.

"Property and assets of every kind belonging to any municipality shall be exempt from taxation and levy * * *." SDC 45.1425.

Appellants contend that the city of Yankton is holding and using the property here involved in a proprietary and not in a governmental capacity; that a municipal corporation cannot engage in the business enterprise of acquiring real estate outside its boundaries and of leasing it for profit and hold the land exempt from taxation to the detriment of the county and other taxing districts in which such property is located. Pursuant to the provisions of SDC 2.02 and amendments thereto authorizing cities and towns to acquire and maintain airports either within or without the corporate limits, the city of Yankton purchased the land here involved. It is admitted that a part of the tract is leased by the city for use as an airport and the remainder of the tract is leased for agricultural purposes.

Section 5 of art. 11 of the Constitution by which property owned by a municipal corporation is exempt from taxation is self-executing and without aid of legislation exempts all property within its terms from taxation by the state or by the political subdivisions of the state in which such property is located. In re Construction of Revenue Law, 2 S. D. 58, 48 N. W. 813. It is urged that it is the implied intention of this section to exempt property only when devoted to governmental purposes and that it is the duty of this court to adopt such construction as will, if possible, prevent municipal corporations engaging in business from escaping taxation and acquiring a privilege not accorded to persons engaging in like enterprises. In the case of State v. Board of Com'rs of Beadle County, 53 S. D. 609, 222 N. W. 583, 593, the question in controversy was whether or not agricultural land acquired by the state on foreclosure of a rural credit mortgage was exempt from taxation under a statute exempting rural credit properties and under this

section of the Constitution as it existed prior to 1930 at which time an amendment was adopted authorizing taxation of rural credit lands for local purposes. It was contended that the Constitution did not embrace the interest of the state engaging in a business, but applied to property of the state in its sovereign capacity. Summing up its conclusions, this court said:

"It follows that there is no constitutional reason arising out of the nature of the capacity in which the state functions in its rural credit operations which would render invalid the legislative declaration (section 10168, Rev. Code 1919) that all property acquired in such operations shall be tax exempt. Whether such tax exemption results, in its actual operation, in placing upon the taxpayers of local taxing districts where foreclosed rural credit land is located an unfair and disproportionate share of the burden arising from the activities of the state in the rural credit field, we do not undertake to say. But if it does, and if such burden is one which ought, in fairness and equity, to be borne by the taxpayers of the entire state generally, nevertheless that is not a matter which this court can change by any judicial interpretation in the present state of our law. We hold, therefore, that the learned trial judge erred in his determination that the tract of land in controversy was not exempt from assessment and taxation after title thereto vested in the state of South Dakota by deed issued pursuant to the foreclosure of the rural credit mortgage."

The provisions of the Constitution are without limitation or condition. The location of public property or its use is not made a condition of exemption and the provisions apply alike and with the same effect to the United States, the state (except rural credit lands), counties and municipal corporations. Decisions distinguishing between governmental and private ownership by municipal corporations are not determinative of the meaning of the language of the Constitution as applied to exemption of municipal corporations from payment of taxes. The unqualified exemption embraces all property of municipal corporations within the state irrespective of use. This conclusion in substance was reached by this court in Egan Consol. School Dist. v. Minne-

haha County, 65 S. D. 32, 270 N. W. 527, 108 A. L. R. 572, wherein it was sought to tax a residence acquired by an independent school district in satisfaction of the liability of a former school treasurer and wherein this court ruled that the words "municipal corporations" in section 5, article 11, included independent school districts.

Several of the states have identical or similar constitutional provisions, and they are generally construed to require the exemption of property owned by municipal corporations irrespective of use. In the case of City of Omaha v. Douglas County, 96 Neb. 865, 148 N. W. 938, 940, the court held that the property acquired and owned by a city for supplying the inhabitants of the city and its suburban territory with water was exempt from taxation. The Constitution of that state provides that "the property of * * * municipal corporations, both real and personal, shall be exempt from taxation." Art. 9, § 2. In discussing this constitutional provision, the court said:

"The framers of the constitutional provision must have intended to exempt all classes of municipally owned property. That would seem to be the only fair interpretation which can be placed upon the language used in the Constitution and the statute. We do not feel at liberty to disregard the provision of the Constitution prepared by its framers, and adopted by the people when the instrument was voted upon and became the fundamental law of the state."

In the case entitled State v. Mayes, 174 Okl. 286, 51 P.2d 266, 268, in discussing a constitutional exemption, the court said:

"Section 6, art. 10, of the Constitution provides that 'all property of the United States, and of this State, and of counties and of municipalities of this state * * * shall be exempt from taxation.' * * *

"There is no mention of the use to which property of a municipality is put as a condition to its being nontaxable. The provisions of the Constitution and the statute are without condition or limitation. * * *

"It is the general rule that where the Constitution and laws of a state exempt from taxation all property of municipalities within the state, without reference to the use to which the property is put, it is exempt from all taxation regardless of the character of the use thereof."

The state of North Dakota has a constitutional provision providing that "the property of * * * municipal corporations * * * shall be exempt from taxation." § 176. Concerning this provision the court in Otter Tail Power Co. v. Degnan, 64 N. D. 413, 252 N. W. 619, 621, said:

"It does not say property used by the municipality, but property of the municipality. In this case ownership is the test of exemption. * * * Hence, so far as the property of the municipality is concerned, it is not taxable."

See also Anderson-Cottonwood Irr. Dist. v. Klukkert, 13 Cal.2d 191, 88 P.2d 685; City of Colorado Springs v. Board of Com'rs of Fremont County, 36 Colo. 231, 84 P. 1113; City of Springville v. Johnson, 10 Utah 351, 37 P. 577; Church of the Holy Faith v. State Tax Commission, 39 N. M. 403, 48 P.2d 77; 3 A. L. R. 1440, 101 A. L. R. 787 and 129 A. L. R. 481.

In Board of Financial Control v. Henderson County, 203 N. C. 569, 181 S. E. 636, 101 A. L. R. 783, upon which appellants rely, it was held that a constitutional provision exempting "property belonging to the State or to municipal corporations", art. 5, § 5, does not embrace municipal property not used for governmental or public purposes. The court in support of its conclusion cites an early case entitled Atlantic & N. C. R. R. Co. v. Board of Com'rs of Carteret County, 75 N. C. 474, holding that when "the State steps down from her sovereignity and embarks with individuals in business enterprises" its property so employed is not exempt from taxation. The theory underlying this conclusion was considered at length by this court in State v. Beadle County, supra, and was disapproved. An examination of a recent case entitled Town of Warrenton v. Warren County, 215 N. C. 342, 2 S. E.2d 463, discloses a lack of unanimity of opinion. The minority urged the application of the views indicated in Town of Weaverville v. Hobbs, 212 N. C. 684, 194 S. E. 860. In that case wherein it was sought to tax property conveyed

to the state for the benefit of the World War Veterans Loan Fund, the court expressed the opinion that the language of the Constitution, art. 5, § 5, "exempting property belonging to the state, or to municipal corporations," is so clear and unambiguous that it is not subject to judicial construction.

The other cases cited by appellants arose under constitutional and statutory provisions differently worded than the provisions of the Constitution of this state. In the case of Anoka County v. City of St. Paul, 194 Minn. 554, 261 N. W. 588, 99 A. L. R. 1137, the Supreme Couprt of Minnesota held that land leased by a city for farming purposes was not exempt from taxation. The Constitution of that state exempts from taxation municipal property only when "used exclusively for any public purpose." Art. 9, § 1. If the intention were to exempt from taxation property owned by municipal corporations in this state only when exclusively used for governmental or public purpose, the framers of the Constitution could have very easily and no doubt would have so expressly provided. The omission of reference to use in the section exempting public property is significant in view of the language employed in section 6, article 11 of the Constitution. That section provides that the Legislature shall exempt from taxation "property used exclusively for agricultural and horticultural societes, for school, religious, cemetery and charitable purposes."

It is contended that authority to acquire an airport can not constitutionally be conferred upon a city and that title to the property here involved was not rightfully acquired by the city of Yankton. Assuming that appellants have the right to challenge the title of the city on the ground that acquisition of the property was ultra vires, we think that such contention must be decided adversely to them. The Legislature, as we have indicated, has authorized the acquisition and maintenance of airports by municipalties. In Hesse v. Rath, 249 N. Y. 436, 164 N. E. 342, it was contended that a statute authorizing towns to acquire and maintain airports was invalid. In an opinion by Mr. Justice Cardozo, the court said: "A city acts for city purposes when it builds a dock or a bridge or a street or a

subway. Sun Printing & Pub. Ass'n v. City of New York, 152 N. Y. 257, 46 N. E. 499, 37 L. R. A. 788. Its purpose is not different when it builds an airport. [City of] Wichita v. Clapp, 125 Kan. 100, 263 P. 12 [63 A. L. R. 478]. Aviation is to-day an established method of transportation. The future, even the near future will make it still more general." To the same effect, see Dysart v. City of St. Louis, 321 Mo. 514, 11 S. W.2d 1045, 62 A. L. R. 762, and note; City of Spokane v. Williams, 157 Wash. 120, 288 P. 258; Krenwinkle v. City of Los Angeles, 4 Cal.2d 611, 51 P.2d 1098.

We conclude that the trial court has correctly decided the question presented, and the judgment appealed from is affirmed.

SEACAT, Circuit Judge, sitting for POLLEY, J.

All the Judges concur.