THE SCHOOL DISTRICT of BERKELEY, MISSOURI, Plaintiff-Appellant, v. CLARENCE EVANS, Chairman, JESSE A. MITCHELL, Member, CHARLES C. NANCE, Member, and STATE TAX COMMISSION OF MISSOURI, Defendants-Respondents, ST. LOUIS COUNTY, MISSOURI, Defendant-Intervenor-Appellant, CITY OF ST. LOUIS, MISSOURI, Defendant-Intervenor-Respondent, No. 42837—250 S.W. (2d) 499.

Division Two, June 9, 1952.

Motion for Rehearing or to Transfer to Banc Overruled, July 14, 1952.

*Erwin Tzinberg* for plaintiff-appellant and *C. Wheeler Detjen* for dependent-intervenor-appellant.

*James E. Crowe*, City Counselor, *Charles J. Dolan* and *John P. McCammon*, Associate City Counselors, for respondent City of St. Louis.

WESTHUES, C.—The question for decision in this case is whether an airplane manufacturing and assembly plant, located on the Lambert-St. Louis Municipal Airport and owned by the City of St. Louis, is subject to taxation for the year 1950. The trial court held the property was exempt by virtue of Article 10, Section 6 of the 1945 Constitution of Missouri. An appeal was granted to this court.

The question arose in the following manner: Prior to World War II the plant in question was owned by the Curtis Manufacturing Company. It was acquired by the United States Defense Plant Corporation which leased it to the McDonnell Aircraft Corporation for the duration of the war. During all of these years the plant was taxed and taxes were paid. The land upon which the plant was located belonged to the City of St. Louis and the land was not taxed. In May, 1948, the City of St. Louis purchased the plant from the Defense Plant Corporation and leased it to the McDonnell Aircraft Corporation. In 1951 the plant was sold to the McDonnell Corporation. In July, 1950, the Board of Equalization of St. Louis County in which county the plant is located made an order that the plant be assessed for taxation. It was assessed at $3,486,360. The City of St. Louis appealed the assessment to the State Tax Commission which ruled that the assessment was void for the reason that the

property was exempt from taxation. On appeal to the Circuit Court the ruling of the State Tax Commission was affirmed. An appeal to this court followed.

Section 6 of Article 10 of the 1945 Constitution of Missouri reads as follows:

"All property, real and personal, of the state, counties and other political [500] subdivisions, and nonprofit cemeteries, shall be exempt from taxation; and all property, real and personal, not held for private or corporate profit and used exclusively for religious worship, for schools and colleges, for purposes purely charitable, or for agricultural and horticultural societies may be exempted from taxation by general law. All laws exempting from taxation property other than the property enumerated in this article, shall be void."

It will be noted that the section of the Constitution provides that *all* property of the state and other political subdivisions *shall be* exempt from taxation. The same section provides that property *used exclusively* for religious worship, schools, etc., *may be* exempted from taxation by general law. (Italics ours) The test to be applied to property held by the state and its political subdivisions is ownership while the test as to other exemptions which may be granted by general law is whether the property is being used for the purposes enumerated. The rule applicable in such a situation is thus stated in 61 C. J. 420, Section 455:

"* * * Where municipal ownership is made the sole test of the exemption, the purpose of the use is immaterial, especially where use is made a condition in other exemption provisions in the constitution and omitted in the provision relating to municipal corporations, and even where the exemption statute further provides that 'nothing herein contained shall be construed to exempt from taxation any part of a lot or building used for any private purpose or for profit,' where the exception itself is construed as having no reference to city property; * * *."

In the case of City of Yankton v. Madson, 20 N. W. (2d) 371, 70 S. D. 627, the court reviewed this question. Note what the court said, 70 S. D. l.c. 631: "Several of the states have identical or similar constitutional provisions, and they are generally construed to require the exemption of property owned by municipal corporations irrespective of use."

Appellants in the brief concede that property legally acquired by a city cannot be taxed but it is argued that the purchase of the plant in question by the City of St. Louis was illegal and, therefore, the property is subject to taxation.

The circumstances in which the city acquired the plant in so far as we can learn from the record are these: The city owned the land upon which the plant was located. The land was formerly a part

of the St. Louis Municipal Airport. The plant was owned by the Curtis Manufacturing Company. During the war it was acquired by the United States Defense Plant Corporation and leased to the McDonnell Aircraft Corporation and used in support of the war. After the war, the United States government in disposing of such plants sold it to the City of St. Louis, owner of the land upon which the plant was located. The city after purchasing the plant then owned both the land and the plant. The McDonnell Corporation continued the operation of its business and later purchased the plant from the city.

In support of appellants' theory that the property in question is subject to taxation they cite State ex rel. Jones v. Brown, 338 Mo. 448, 92 S. W. (2d) 718. In that case an act of the legislature authorized any three but not more than seven electors of the state to form a body corporate as state highway toll bridge trustees with authority to purchase and construct toll bridges. The act exempted such bridges from taxation. This court held the act unconstitutional and held the property which was not in fact state property could not be exempted from taxes by legislative act. The case as we see it does not aid us in the present case. Neither do we find any ruling in State ex rel. City of Excelsior Springs v. Smith, 336 Mo. 1104, 82 S. W. (2d) 37, in support of appellants' contention. In that case the power of the City of Excelsior Springs to purchase and operate "mineral water vending houses, springs, and wells" was questioned. This court held the city was authorized to do so by legislative act and held the act constitutional.

In the case before us the city was not engaging in business. It merely purchased a [501] plant located on its land. The plant was rented to a private corporation and later sold to that corporation. This corporation is operating a manufacturing business in the plant. The city at no time attempted to operate the plant; it was, however, the owner of the real property sought to be taxed.

We must rule that Section 6 of Article 10 of our Constitution is self-executing and exempts property owned by a municipality from taxation.

The judgment is affirmed. *Bohling* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.