Commonwealth of Pennsylvania ex rel. H. C. McCormick, Attorney General, *v.* Keystone Electric Light, Heat and Power Company, Appellant.

*Corporations—Electric light, heat and power companies—Reorganization —Act of May 25, 1878.*

Electric light, heat and power companies are manufacturing corporations within the meaning of the act of 1874, and its supplements. They are not exempt from a tax on their capital stock under section 20 of the act of 1885, because they are not within the policy of the legislature in passing that act, and it was not intended that they should share in its benefits. They are included, however, with other manufacturing corporations, in the Act of May 25, 1878, P. L. 145, and the purchasers at the sheriff's sale of the franchises of such companies are authorized to reorganize as provided by that act.

Argued May 30, 1899. Appeal, No. 23, May T., 1899, by defendant, from order of C. P. Dauphin Co., Commonwealth Docket, 1898, No. 562, on quo warranto. Before STERRETT, C. J., MITCHELL, DEAN and FELL, JJ. Reversed.

Quo warranto. Before McPHERSON, J.

The suggestion for quo warranto was as follows :

And now, July    , 1898, comes Henry C. McCormick, attorney general of the commonwealth of Pennsylvania, into court, and gives the court here to understand and be informed, to wit: that on May 26, 1893, a corporation, by the name, style and title of " The Electric Light, Heat and Power Company, of Gettysburg," was created under the provisions of the " general corporation act of 1874" and the supplementary act of May 8, 1889, for the purpose of supplying light, heat and power, by means of electricity, to the public in the borough of Gettysburg, and to such persons, partnerships and corporations therein or adjacent thereto as might desire to use the same ; that afterwards, on or about January 28, 1896, certain judgments in favor of Adam Ertter and John A. Livers, as plaintiffs, were entered by confession against the said " The Electric Light, Heat and Power Company, of Gettysburg," in the court of common pleas of Adams county, upon which said judgments, writs of fieri

facias were then and there issued and returned by the sheriff of said county "nulla bona;" that afterwards, on or about June 29, 1896, alias writs of fieri facias were issued upon said judgments, and the sheriff of Adams county was directed by the plaintiff to levy "on all the property, rights and franchises of the defendant corporation and sell the same as a whole, subject to a mortgage for $12,000, recorded in said county in mortgage book L, p. 233, although no previous demand had been made at the principal office of the said corporation or of the president, treasurer, secretary or any other chief officer thereof having charge of such office for the amount of such executions with legal costs, as required by the act of June 13, 1836, which said alias writs of fieri facias were nevertheless levied in accordance with said direction and the said writs returned with such levy indorsed but without any further proceedings being taken or had thereon; that afterwards, to wit: on April 10, 1897, pluries writs of fieri facias were also issued upon said judgments, and without any other or further levy or proceedings thereupon, the property, rights and franchises of the said "The Electric Light, Heat and Power Company, of Gettysburg," were advertised by the sheriff of Adams county, and on May 1, 1897, were sold to the said Adam Ertter and John A. Livers for the sum of $510, and in pursuance of such sale a deed for the said rights and franchises was on June 22, 1897, executed and delivered by the said sheriff to the said purchasers; that afterwards, to wit: on February 2, 1898, the said purchasers, claiming to act under the provisions of the act of May 25, 1878, entitled "A supplement to an act entitled 'An act concerning the sale of railroads, canals, turnpikes, bridges and plank roads,' approved the 8th day of April, 1861, extending the provisions of said act to coal, iron, steel, lumber or oil or mining, manufacturing, transportation and telegraph companies in this commonwealth," executed and filed in the office of the secretary of the commonwealth at Harrisburg, a certain certificate purporting to be a certificate of reorganization under the provisions of the said act, and by virtue of said alleged sale and such certificate of reorganization the said purchasers now claim to have and possess all the corporate rights, privileges and franchises of the said "The Electric Light, Heat and Power Company, of Gettysburg," and by reason thereof to be a corporation under the name, style and

title of "The Keystone Electric Light, Heat and Power Company, of Gettysburg, Penna.;" that the alleged sale of the corporate rights, privileges and franchises of the said "The Electric Light, Heat and Power Company, of Gettysburg," not having been made in compliance with the act of June 13, 1836, relative to executions against corporations as hereinbefore suggested, was illegal and invalid, and did not operate to vest in the said purchasers any right in or title to the corporate rights, privileges and franchises of the said corporation, or to vest in the said purchasers any of the privileges or benefits conferred upon the purchasers of corporate rights and franchises at judicial sale by the act of May 25, 1878, or any other act of assembly authorizing or permitting the reorganization of corporations upon a judicial sale of the corporate rights, privileges and franchises thereof; that neither the said act of May 25, 1878, nor any other act, authorizes the reorganization of any corporation created under the "general corporation act of 1874," or its supplements, for the purpose of furnishing light, heat and power, or either of them, to the public by means of electricity, and that in so far as the said act or any other act purports to confer upon the purchasers of the corporate rights, privileges and franchises of any such corporation the right to be a corporation or to have, exercise and enjoy the privileges and powers conferred by the said act of May 25, 1878, it is unconstitutional and void, in that no such purpose is set forth or expressed in the title thereof.

Whereupon the said attorney general, on behalf of the said commonwealth, makes this complaint and suggests that the court do award a writ of quo warranto in due form commanding the sheriff to summon the said "The Keystone Electric Light, Heat and Power Company, of Gettysburg, Penna.," that it shall be and appear before the said court on a certain day certain to show by what authority it claims to have and use the rights, powers, privileges and franchises of a corporation.

The court in an opinion by McPherson, J., entered judgment of ouster. Defendant appealed.

*Error assigned* was the judgment of the court.

*James A. Stranahan* and *William McSherry*, with them *W. C. Sheely*, for appellant.—In all the pamphlet laws since 1885 it

will be found that the term "manufacturing" has been used in connection with charters for electric light companies, the same as in gas companies.

Electricity has also been considered a subject of manufacture by the legislature of Pennsylvania: Act of May 20, 1891, P. L. 90; Act of June 25, 1895, P. L. 302.

The term manufacturing, in the act of May 25, 1878, should receive the largest, fullest and most extensive meaning of which it is practically susceptible. When the legislature did not limit its meaning the courts should be slow to do it; and this, more especially in this case, when the legislature classes electric light companies with manufacturing companies: Endlich on the Interpretation of Statutes, sec. 103.

The court below, referring to the case of Com. v. Northern Electric Light & Power Co., 145 Pa. 105, and Com. v. Edison Electric Light and Power Co., 170 Pa. 231, held that an electric light company was not a manufacturing corporation within the meaning of that phrase in the legislation of Pennsylvania. A close examination of these cases will show that they do not go to the extent claimed by the court below. The construction we place upon the term manufacturing, in the act of 1878, is not inconsistent with the decision in either of above cases. In them was involved a class of manufacturing corporations exempt from taxation under the tax statutes of the state, and the only question there decided was that they were not of the class so entitled. They were distinguished from other manufacturing corporations. There are manufacturing corporations exempt from taxation in the state under our revenue acts and there are other equally certain manufacturing corporations not exempt. And further, there are portions of the capital stock of manufacturing corporations exempt while other portions are taxable.

The act of May 25, 1878, applies generally to all kinds of corporations. It will doubtless be contended that the expression "or of any corporation created by or under any law of this state" is not contained in the title, and therefore it is invalid and the act so far unconstitutional. In answer to this it may be said that the extension of this act to any corporation is certainly germane to the general subject of the act and its purpose, and that this brings it under the decision of the Supreme Court

in case, In re Borough of Pottstown, 117 Pa. 538. There is sufficient expressed in the title to this act to give notice of or direct attention to the general extension of the subject contained in the amendment: Com. v. Moore, 2 Pa. Superior Ct. 162; Act of May 31, 1887, P. L. 278.

*Robert Snodgrass*, with him *John P. Elkin*, attorney general, *Frederick W. Fleitz*, deputy attorney general, and *William & William Arch McClean*, for appellee, cited Com. v. Light and Power Company, 142 Pa. 118.

OPINION BY MR. JUSTICE FELL, October 6, 1899 :

The question presented by this appeal is whether the purchasers at a sheriff's sale of the rights and franchises of an electric light, heat and power company are authorized by the Act of May 25, 1878, P. L. 145, to reorganize the company. This depends upon whether an electric light, heat and power company is a manufacturing company within the meaning and intent of the act. The learned judge of the common pleas who decided the case felt that he was concluded upon the subject by the decision in Commonwealth v. Northern Electric Light & Power Co., 145 Pa. 105, followed in Commonwealth v. Edison Electric Light and Power Co., 170 Pa. 231, and that in the light of these decisions the statute does not authorize a reorganization by the purchasers of an electric light, heat and power company.

The question in Commonwealth v. Northern Electric Light & Power Co., supra, was whether the defendant came within the provision of the Act of June 30, 1885, P. L. 193, which repealed the Act of June 7, 1879, P. L. 112, in so far as it related to manufacturing corporations. In the common pleas it was held, (1) that the defendant had not so clearly shown itself to be a manufacturing corporation as to warrant the court in holding that it was exempt from taxation on its capital stock; (2) that corporations of the kind to which the defendant belonged did not come within the policy of the legislation exempting manufacturing corporations from taxation on their capital stock.

The first finding did not receive the assent of this Court, and it was said, in substance, in the opinion by WILLIAMS, J., that the testimony showed that the defendant was a manufacturing

corporation. The judgment was affirmed on the second finding, and on the ground stated by Judge SIMONTON, although other reasons were given, that exemptions from taxation are to be construed strictly, and that electric light companies do not come within the policy of the legislature in enacting section 20 of the act of 1885, which was to encourage manufacturing companies to carry on their business within the limits of the state rather than beyond its borders. In the opinion of this Court it was said that companies performing a quasi-public or municipal function " are not included in any of the legislation provided for the encouragement and protection of manufacturing corporations, and they have no right to share in the benefits of such legislation. They really form a class by themselves."

The ground on which the decision is said to rest, the definition of manufacturing companies adopted by the legislature, will not bear the test of the act of 1874 in the light of later decisions, or of the legislative interpretations of the earlier act by more recent ones which are in pari materia. Clause 11 of section 2 of the Act of April 29, 1874, P. L. 73, provides for the incorporation of companies for the manufacture and supply of gas or the supply of light or heat to the public by any other means ; and as amended by the Act of May 8, 1889, P. L. 136, for the supply of light, heat or power by means of electricity or any other means.

In the recent decision of Southern Electric Light & Power Co. v. Philadelphia, 191 Pa. 170, it was said : " The distinction which is urged between the ' manufacture of electricity ' and ' the supplying of it ' is without force. The power to supply includes the power to manufacture." Clause 1 of section 34 of the act of 1874 authorizes companies incorporated under it to erect and maintain " the necessary buildings, machinery and appliances for manufacturing gas, heat or light from coal or other materials ; " and the word " manufacture " is used in the Act of May 20, 1891, P. L. 90, which authorizes boroughs to manufacture electricity. The Act of June 25, 1895, P. L. 302, makes it unlawful " to connect or disconnect electrical conductors belonging to any company engaged in the manufacture and supply of electrical currents for the purpose of light, heat or power."

What we have said is not intended to affect the decisions in

Commonwealth v. Northern Electric Light & Power Co. and Commonwealth v. Edison Electric Light Co., supra. Those cases were properly decided. The reason assigned for the decision in Commonwealth v. Northern Electric Light Co., however, is not satisfactory. Carried to its logical conclusion, as was done in this case by the learned judge who decided it in the common pleas, it leads to a wrong result. Electric light, heat and power companies are manufacturing corporations within the meaning of the act of 1874 and its supplements. They are not exempt from a tax on their capital stock under section 20 of the act of 1885, because they are not within the policy of the legislature in passing that act, and it was not intended that they should share in its benefits. They are included, however, with other manufacturing corporations, in the act of May 25, 1878, and the purchasers at a sheriff's sale of the franchises of such companies are authorized to reorganize as provided by that act.

The judgment is reversed.