## No. 10,121.

HETHERINGTON, Trustee, *v.* THE CAMP BIRD MINING, LEASING & POWER COMPANY, ET AL.

Decided December 5, 1921.   Rehearing denied January 9, 1922.

Action to recover for electric service and power. Judgment for defendant.

*Affirmed.*

*On Application for Supersedeas.*

1.  ELECTRICITY—*Is Personal Property.* Electricity made by artificial means is a product of manufacture, and is personal property.

2.  *Proceeds From Sale—Ownership.* The owner of real property is not entitled to proceeds from the sale of electricity manufactured on his property by another, under a claim that such revenue is rent, profit or income from his premises.

3.  TRUSTS—*Fund.* Money deposited with another for the redemption

of land sold under a trust deed, is to be used for a specific purpose, and if not so used should be returned to the depositor.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Herscy, Judge.*

Mr. JOHN G. HUTCHISON, Mr. WAYNE C. WILLIAMS, Mr. GEORGE HETHERINGTON, for plaintiff in error.

Mr. WILLIAM W. GRANT, JR., for defendants in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE plaintiff in error brought suit against the defendant in error, The Camp Bird Company, to recover for electric service and power furnished to said defendant from a power plant, of which the plaintiff was the owner.

The trial court rendered judgment for defendant, upon the opening statement of plaintiff's attorney. The plaintiff brings the cause here for review, and asks for a supersedeas.

The statement in question included the following: that The Brant Independent Mining Company was the owner of mining lands on which it had given a deed of trust to secure the payment of certain bonds; that it erected on said land an electric power plant, and entered into a contract to furnish power to the said Camp Bird Company; that the Brant Company defaulted in the interest on its bonds; that a foreclosure of the deed of trust was decreed in a suit in the United States District Court; that the property was sold by a special master; and that the plaintiff, as trustee, became the purchaser of the property; that an attempt was made by the Camp Bird Company to redeem from said sale; that the court in which the foreclosure was had, permitted it to do so, in the name of the Brant Company, and for its benefit; that the said court gave the Brant Company possession of the property, because of said redemption.

Plaintiff in the suit appealed from the said ruling to the United States Circuit Court of Appeals, which ultimately reversed the district court, holding that the attempted redemption was ineffectual and that the plaintiff was the owner of the property.

From the 6th day of February, 1919, until the 2nd day of December, 1919, when said judgment was reversed, the electric power, for which payment is demanded, was furnished by the Brant Company, then in possession of the property.

The question, then, is, was the plaintiff, upon the above statement of facts, entitled to payment for the power furnished by the Brant Company to the Camp Bird Company. Plaintiff in error claims that, being in fact the owner from February 6th forward, he is entitled to recover for the power furnished, as rent, profit and income from the said premises. Defendant in error, on the other hand, contends that electric power thus furnished does not partake of the character of rent and profit from realty; but that it is, in fact, personalty, being a manufactured article.

It is well settled that electricity made by artificial means is a product of manufacture, and is personal property. *Terrace Water Co. v. San Antonio L. & P. Co.*, 1 Cal. App. 511, 82 Pac. 562; *Burke v. Mead*, 159 Ind. 252, 64 N. E. 880; *Beggs v. Edison Co.*, 96 Ala. 295, 11 South. 381, 38 Am. St. Rep. 94; *Commonwealth v. Keystone Co.*, 193 Pa. 245, 44 Atl. 326; *People ex rel. Brush C. Mfg. Co. v. Wemple*, 129 N. Y. 543, 29 N. E. 808, 14 L. R. A. 708.

It being thus evident, under the authorities, that the Brant Mining Company was engaged in manufacturing an article which it sold to the Camp Bird Company, the fact that the article was manufactured on property owned by the plaintiff does not make the Camp Bird Company liable to him for the price of such article.

Counsel would hardly claim that, if the property in question had been the site of a factory producing farm implements, the owner of the land could recover from a pur-

chaser of such implements their market value. It should be observed, further, that there were no contract relations between the Camp Bird Company and the plaintiff in error. What his rights may be as against the Brant Mining Company for its use of his property is not involved in this case.

It appears that Daughtrey, the intervener, deposited with the special master a sum of money with which to make the redemption which was attempted. The money not having been used for that purpose, he sought in the suit by intervention to have it returned to him. It having been deposited for a specific purpose, and that purpose having failed, his right to a return of the fund is undoubted. That question was litigated in the trial court, and finding and judgment were for the intervener.

The judgment as to the original cause, and as to the intervener's rights is correct. The supersedeas is denied, and the judgment affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE DENISON concur.