STATE, ex rel., BOTTUM, Director of Taxation, Plaintiff, v. KNUDTSON, County Auditor, (GUNDERSON, Intervenor)

(276 N. W. 150)

(File No. 8128.   Opinion filed November 24, 1937)

*Benj. D. Mintener, Gordon Feldhaus,* and *J. H. Bottum, Jr.,* all of Pierre, for Plaintiff.

*E. D. Barron,* of Sioux Falls, for Defendant.

*Holton Davenport,* of Sioux Falls, for Intervenor.

ROBERTS, J. This is an original proceeding in this court in which a writ of mandamus is sought against W. T. Knudtson as county auditor of Minnehaha county. Under the provisions of chapter 254, Laws 1937, it is made the duty of the state board of equalization annually to levy a tax of two mills for rural credit purposes upon the assessed valuation of all taxable property within the state, except the homestead as defined by law. Plaintiff claiming that a homestead is limited as to value instituted this proceeding for the purpose of compelling the extending of the two-mill levy against the amounts in excess of the alleged statutory limitation. Ole M. Gunderson intervened in this proceeding alleging that he is the owner of 160 acres of land in Minnehaha county occupied by him and his family as a homestead and that the assessed valuation of this tract of land including structures is $9,300 and praying that the application for writ of mandamus be denied. The plaintiff has interposed demurrers to the petition in intervention and the answer of the defendant county auditor.

During the same session of the Legislature a statute exempting homesteads from any tax imposed by the Legislature to defray the expenses of the state or to pay any deficiency and providing the manner of listing the same for taxation was enacted. Chapter 209, Laws 1937. This statute, as in the act providing for

a rural credit tax, refers to "the homestead as defined by law." The homestead right depends entirely upon constitutional and statutory provisions and we must look to those provisions to determine what that term or designation means. Bailly v. Farmers' State Bank of Sisseton, 35 S. D. 122, 150 N. W. 942. The Constitution of this state, section 4, article 21, directs that "the right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws, exempting from forced sale a homestead, the value of which shall be limited and defined by law, to all heads of families, and a reasonable amount of personal property, the kind and value of which to be fixed by general laws." Under the provisions of section 456, Rev. Code 1919, "the homestead must embrace the house used as a home by the owner." Under section 457, Rev. Code 1919, the homestead "must not embrace more than one dwelling house or any other buildings except such as are properly appurtenant to the homestead as such; but a shop, store or other buildings situated thereon and really used or occupied by the owner in the prosecution of his own ordinary business may be deemed appurtenant to such homestead." A homestead may contain one or more lots or tracts of land with the buildings thereon, but under the provisions of section 458, Rev. Code 1919, the homestead "must in no case embrace different lots and tracts unless they are contiguous, or unless they are habitually and in good faith used as part of the same homestead." Section 459, Rev. Code 1919, reads: "If within a town plat it must not exceed one acre in extent, and if not within a town plat it must not embrace in the aggregate more than one hundred and sixty acres. If the homestead is claimed upon any land, the title or right of possession to which was acquired or claimed under the laws of the United States, relating to mineral lands, then the area of the homestead, if within a town plat, shall not exceed one acre, and if without a town plat it must not exceed forty acres, if title thereto has been acquired as a placer claim, but if the title has been acquired under the laws of congress as a lode mining claim, the area of such homestead shall not exceed five acres."

"The homestead as created, defined and limited by law," under the provisions of section 323, Code of Civil Procedure 1877, was

exempt "from attachment or mesne process and from levy and sale on execution, and from any other final process issued from any court." By amendment of this section, chapter 86, Laws 1890, there came into existence for the first time a limitation of value to apply in favor of creditors. Subdivision 7, section 2658, Rev. Code 1919, had its origin in that statute. It reads in part as follows: "The homestead, as defined and limited in title 1, to be selected by the debtor, his agent or attorney; provided, if, in the opinion of the creditor or officer holding an execution against such debtor, the premises claimed by him or her as exempt are worth more than five thousand dollars, such officer shall summon three householders, having the qualifications of electors of the county as appraisers, who shall, upon oath, to be administered to them by the officer, appraise said premises."

These provisions and the history of our legislation upon the subject of homesteads were considered by this court in Hansen v. Hansen, 40 S. D. 114, 166 N. W. 427. The opinion recognizes that the part exempt from the claims of creditors is not "the whole homestead" referred to in section 466; that section 2658 does not define or limit the homestead itself, but merely provides what portion and value of the homestead created and defined by other provisions of law shall be exempt from levy or sale on execution; and that the constitutional mandate does not require a limitation upon the value of the homestead itself.

In Peck v. Peck, 51 S. D. 157, 212 N. W. 872, 875, this court, having before it the question whether a creditor claiming that a conveyance had been made in fraud of creditors had the burden of proving that the property was worth more than $5,000, said: "Appellant, on the other hand, maintains that, when once the homestead character of the premises is made to appear, respondent, to sustain its affirmative burden of proving that it was defrauded by the conveyance, must show that the conveyance passed some value over and above existing incumbrances, plus the $5,000 exemption. We believe appellant is correct. * * * Under our law there is no limitation as to value upon a homestead, although it is true that, if the homestead is worth more than $5,000, over and above incumbrances, such excess in value is not by law exempt from the claims of execution creditors, and may be reached by them."

■■ We cannot follow the course of reasoning presented by counsel for the plaintiff wherein they contend that a different interpretation of the term "homestead" must result in view of the rule that laws exempting property from taxation must receive a strict construction in favor of the taxing power and against those claiming exemption. The rule of strict construction does not call for a strained construction; it must always be reasonable and will not be applied to defeat the expressed intent of the Legislature. State ex rel. Eveland v. Erickson, 44 S. D. 63, 182 N. W. 315. We know no reason for concluding that the Legislature intended, when it expressly excepted the "homestead as defined by law" from the tax levied for rural credit purposes, anything different than the interpretation theretofore placed upon that term by decisions of this court.

■ It is the contention of counsel for the plaintiff that the effect of construing the statute in question to provide for the exemption of a homestead limited in area but not in value is to render the statute unconstitutional; that a homestead under such construction may be a lot and a small dwelling thereon or a valuable tract of farm land with its buildings. It is urged that such unlimited exemption is inequitable and unjust. The Legislature has the power of prescribing the subjects of taxation and exemption. The Constitution, section 2, article 11, expressly so provides; "to the end that the burden of taxation may be equitable upon all property, and in order that no property which is made subject to taxation shall escape, the legislature is empowered to divide all property including moneys and credits as well as physical property into classes and to determine what class or classes of property shall be subject to taxation and what property, if any, shall not be subject to taxation." This section of the Constitution does not require all property to be taxed. This constitutional amendment adopted in 1918 abrogated limitations contained in the Constitution upon the legislative power to exempt property from taxation and the Legislature is clearly empowered to exempt from taxation property of a particular class. In State ex rel. Eveland v. Johns, 43 S. D. 279, 178 N. W. 945, a statute, chapter 105, Laws 1919, exempting any dwelling house "used and occupied as a home residence" from taxation, but specifically providing that if such dwelling exceeded

the value of $500 then the excess was subject to taxation, was declared constitutional. Plaintiff, relying on Skinner v. Holt, 9 S. D. 427, 69 N. W. 595, 62 Am. St. Rep. 878, wherein this court held that a law which without any limitation exempted to the debtor or his family all the money obtainable from policies of life insurance was unreasonable and repugnant to the provisions of section 4, article 21, of the State Constitution, contends that the Legislature may not for the same reasons grant a tax exemption of homesteads without limitation. It is hardly necessary to state that the limitation upon exemptions contained in the constitutional provisions relating to homesteads has no reference to taxation. We cannot say that the statute in question is inconsistent with principles of classification. The considerations presented by counsel concern the Legislature and not this court. No constitutional inhibition having been violated it was within the province of the Legislature to exercise the powers of exemption as it chose and its action cannot be nullified.

For the reason stated, the proceedings should be dismissed. It is so ordered.

All the Judges concur.