**EAST RIVER LEGAL SERVICES, a nonprofit corporation, Appellee,**

v.

**STATE of South Dakota, DEPARTMENT OF REVENUE, Appellant.**

**No. 13236.**

Supreme Court of South Dakota.

Argued Feb. 12, 1981.

Decided March 18, 1981.

---

1. The record in this case fills a 12″ × 12″ × 20″ box.

2. *Holforty v. Holforty,* 272 N.W.2d 810 (S.D. 1978).

John D. Wagner, East River Legal Services, Brookings, for appellee.

Gene R. Woodle, Asst. Atty. Gen., Pierre, for appellant; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

DUNN, Justice.

The South Dakota Department of Revenue (Department) appeals from an order of the circuit court which reversed Department's Declaratory Ruling 79–5. We affirm the circuit court.

East River Legal Services (ERLS) is a nonprofit corporation which is exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code. The sole purpose of ERLS is to provide free legal services to persons of low income who cannot afford the ordinary fees for legal services. Employees of ERLS receive salaries; however, no employee or any other person has a financial interest in the assets of the

corporation. Upon dissolution of ERLS, its assets must be used in a manner consistent with section 501(c)(3) status.

ERLS is funded by annual grants from the Legal Services Corporation (LSC), a private nonprofit corporation in the District of Columbia, which was created by Congress pursuant to the Legal Services Corporation Act of 1974. 42 U.S.C. § 2996 et seq. LSC was created "for the purpose of providing financial support for legal assistance in noncriminal proceedings or matters to persons financially unable to afford legal assistance." 42 U.S.C. § 2996b(a). LSC is funded by Congress.

The director of the sales tax division of Department granted ERLS an exemption from state sales tax under SDCL 10–45–10 on January 23, 1978; however, on July 9, 1979, the director wrote ERLS stating that the exemption previously granted was null and void. ERLS then requested that the July 9, 1979, revocation of the exemption be reconsidered. In response to this request, Department issued Declaratory Ruling 79–5, which held that ERLS was not exempt from state sales tax under SDCL 10–45–10. ERLS appealed this ruling to the circuit court, which found that ERLS was a relief agency and therefore exempt under SDCL 10–45–10.

The sole issue raised at trial and on appeal is whether ERLS is entitled to an exemption from the South Dakota Retail Sales and Service Tax, pursuant to SDCL 10–45–10. We hold that it is.

SDCL 10–45–10 provides, in part:

There are hereby specifically exempted from the provisions of this chapter [Retail Sales and Service Tax] and from the computation of the amount of tax imposed by it, the gross receipts from sales of tangible personal property to . . . any relief agency, which shall mean a nonprofit charitable organization which devotes its resources exclusively to the relief of the poor and distressed or underprivileged, and has been recognized as an exempt organization under Section 501(c)(3) of the Internal Revenue Code . . .

SDCL 10–45–10 may be dissected into two components: (1) Is the organization a relief agency, and (2) has it been granted exemption under section 501(c)(3) of the Internal Revenue Code.

As for the latter requirement, suffice it to say, neither party claims that ERLS has not properly been granted exemption under section 501(c)(3); therefore, it is not a salient issue on appeal.

The true gist of Department's argument is that ERLS does not qualify as a relief agency. In Declaratory Ruling 79–5, the Department concluded that ERLS was not a relief agency as defined in ARSD 64:06:01:38,[1] and stated that:

(5) The relief agency shall not present or appear to present any obstacles of any character, such as founders' fees, mandatory assignment of income or property, or minimum fees, to those who need the benefits of the agency;

(6) The average cost of services of the relief agency shall exceed the amount of fees actually collected;

(7) A major source of income of the relief agency must result from gifts, bequests or donations, not current charges;

(8) Allocation of facilities or services of the relief agency shall not be related in any way to ability to pay for such facilities or services; and

(9) The relief agency must have an exemption granted pursuant to section 501(c)(3) of the Internal Revenue Code.

1. ARSD 64:06:01:38 (emphasis supplied) provides that:

Application for exempt status shall be made to the department. Exempt status *shall be granted upon a showing that the applicant meets the requirements of SDCL 10–45–10.* In determining the qualifications for exemption as a relief agency the following shall be considered, *but will not be exclusive,* in the final determination of the exemption status request:

(1) The relief agency shall be organized and conducted solely for the benefit of the general public and for relief of the public burden;

(2) No person who needs the services of the relief agency shall be turned away because he is not able to pay for services;

(3) The relief agency shall not provide for gain or profit of any private member of the agency except in the form of a salary;

(4) Upon dissolution the assets of the agency shall be used for charitable purposes;

"Although ERLS has many of the characteristics listed above [in ARSD 64:06:01:38] I don't believe ERLS relieves the public burden (section (1)), or that a major source of ERLS' income comes from bequests or donations (section (7)). Furthermore, ERLS does not come within the spirit of Section (6).

In its brief to this court ERLS claims that Department has exceeded its delegated authority by the criteria it uses in defining a relief agency under SDCL 10–45–10; however, the regulations do not enlarge or restrict the scope of the statutory definition. The criteria used are generally consistent with the accepted definition of a charitable organization. See *Rio Vista Non-Profit Hous. Corp. v. Ramsey Cty.*, 277 N.W.2d 187 (Minn.1979); *Mayo Foundation v. Com'r of Revenue*, 306 Minn. 25, 236 N.W.2d 767 (1975). There is a significant difference in the approach advocated by Department and the one which we herein adopt concerning the application of these criteria. As in *Mayo*, supra, 236 N.W.2d at 773, "[t]he general language of our definitional statements [ARSD 64:06:01:38] . . . are only guides for analysis. Each case must be decided on its own particular facts and it is not essential that every factor . . . be present before an institution qualifies for exemption." Even the language of ARSD 64:06:01:38 provides that these criteria will "not be exclusive" and reveals that they are only guides. We therefore hold that ERLS need not meet each factor enumerated in ARSD 64:06:01:38 as long as it meets the requirements of SDCL 10–45–10.

The issue becomes whether, under SDCL 10–45–10, ERLS is "a nonprofit charitable organization which devotes its resources exclusively to the relief of the poor and distressed or underprivileged." Department's points of attack on ERLS are that it (a) does not relieve the public burden; (b) does not receive a major source of its income from gifts, donations or bequests; and (c) the average cost of ERLS' services does not exceed the amount of fees collected. These arguments are all predicated on the fact that ERLS is funded by appropriations from the federal government.

ERLS devotes its resources entirely to the relief of the poor by providing free legal services. The only charges levied on the beneficiaries of these services are the actual expenses of litigation, such as filing fees, when the individual is able to bear these costs. Furthermore, as previously stated, no party has a financial interest in ERLS and upon dissolution all remaining assets of ERLS shall be distributed to a charitable organization that is exempt under section 501(c)(3).

We find the reasoning of the Supreme Court of Minnesota in *Rio Vista*, supra, at 191, as it relates to federal funding quite convincing:

The fact that the donor is the Federal Government and not a private institution does not preclude a determination that [ERLS] is supported . . . by donations.

. . . .

. . . It would be anomalous to hold that governmental objectives are not furthered by a nonprofit corporation which implements a Federally created and funded program. . . . If private organizations did not implement these Federally assisted . . . projects, presumably the government might seek to implement them through government agencies. Thus, private organization[s] which assist the Federal Government in the implementation of these projects do promote charitable objectives and lessen the burdens of government.

See also, *Mayo Foundation*, supra. But see: *Waterbury First Church Housing, Inc. v. Brown*, 170 Conn. 556, 367 A.2d 1386 (1976); *Yakima First Baptist Homes, Inc. v. Gray*, 82 Wash.2d 295, 510 P.2d 243 (1973). We refuse to create such an anomaly.

Once having stripped Department's argument of the claim that federal appropriations prevent ERLS from lessening the public burden and from deriving a major source of income from gifts, bequests or donations, we are left with the question of whether the fees collected exceed the average cost of services. The record indicates that ERLS renders its legal service free of charge, thereby resolving this question.

■ Finally, we note that exemption from taxation is based upon considerations of public policy and should be given reasonable, natural and practical construction to effectuate such policy. *National College of Business v. Pennington County*, 82 S.D. 391, 146 N.W.2d 731 (1966). We feel that public policy gravitates in favor of exempting nonprofit charitable organizations, which are attempting to provide access to the courts for these people to whom equality under the law would be a mere platitude without the services of ERLS.

■ We therefore hold that a reasonable, natural and practical construction of SDCL 10-45-10 is that ERLS is entitled to exemption thereunder as a relief agency.

Accordingly, the order of the circuit court is affirmed.

All the Justices concur.