**WESTERN SOUTH DAKOTA COMMUNITY ACTION PROGRAM, INC., Appellee,**

v.

**STATE of South Dakota DEPARTMENT OF REVENUE, Appellant.**

No. 13224.

Supreme Court of South Dakota.

Argued Feb. 12, 1981.

Decided March 18, 1981.

Doyle D. Estes of Gunderson, Farrar, Aldrich, Warder & DeMersseman, Rapid City, for appellee; Wayne F. Gilbert of Gunderson, Farrar, Aldrich, Warder & DeMersseman, Rapid City, on the brief.

Joe D. Nadenicek, Jr., Asst. Atty. Gen., Pierre, for appellant; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

DUNN, Justice.

The South Dakota Department of Revenue (Department) appeals from a judgment of the circuit court which reversed Department's Declaratory Ruling 80–2. We affirm the circuit court.

Western South Dakota Community Action Program, Inc. (WSDCAP) is a nonprofit corporation which is exempt from federal income taxes under section 501(c)(3) of the Internal Revenue Code. WSDCAP pro-

vides services in the following basic areas: health and nutrition services for the elderly; education and development services for "Headstart" and day care for children; weatherization, self-help gardens, and fuel assistance services for low income and elderly families; employment services for low income persons; and assistance and guidance to low income persons for community development. With the exception of day care, all of the services provided by WSDCAP are furnished at no cost to the recipient. A cost reimbursement to WSDCAP of eighty-two cents per hour per child for day care is charged for eight of the twelve children receiving such care. Four children to whom such services are provided receive it on a sliding scale, whereby Pennington County pays part of the cost.

Employees of WSDCAP receive salaries, but no employee or any other person has a financial interest in the assets of the corporation, and upon dissolution the corporate assets must be used in a manner consistent with its section 501(c)(3) status. All activities of WSDCAP are financed by grants from the Community Service Administration (CSA),* a federal entity, with the exception of the small amounts received from recipients of day care services.

On March 15, 1976, WSDCAP, being deemed a relief agency, was granted an exemption from the state sales tax under SDCL 10–45–10; however, on December 9, 1979, Department notified WSDCAP by letter that this exemption was null and void. WSDCAP petitioned for a declaratory ruling. Department issued Declaratory Ruling 80–2, denying WSDCAP exemption status. WSDCAP appealed this ruling to the circuit court which reversed Ruling 80–2.

The issues presented herein are identical to those in *East River Legal Services v. State,* 303 N.W.2d 375 (S.D.1981), handed down this day. We see no need to reiterate the issues here. Suffice it to say, we again hold that the presence of federal grants will not prevent WSDCAP from lessening the public burden; nor will it prevent WSDCAP from deriving a major source of its income from gifts, bequests or donations. See *Rio Vista Non-Profit Hous. Corp. v. Ramsey Cty.,* 277 N.W.2d 187 (Minn.1979); *East River Legal Services,* supra.

Accordingly, the judgment of the circuit court is affirmed.

All the Justices concur.

---

* The record does not disclose the exact nature of the Community Service Administration. Both sides apparently concede it is an agency of the federal government as that is how they treat it in their arguments and briefs. We therefore shall treat it as a federally funded entity and of the same nature as the Legal Services Corporation in *East River Legal Services v. State,* 303 N.W.2d 375 (S.D.1981), handed down this day.