NORTHWESTERN PUBLIC SERVICE
COMPANY, Plaintiff and Appellee,

v.

The HOUSING AND REDEVELOPMENT
COMMISSION OF the CITY OF ABER-
DEEN, a. k. a. Aberdeen Housing Au-
thority, Defendant and Appellant,

and

The Department of Revenue of the State
of South Dakota, Defendant
and Appellee.

No. 13469.

Supreme Court of South Dakota.

Argued Oct. 22, 1981.

Decided June 9, 1982.

Rehearing Denied July 15, 1982.

Alan D. Dietrich, Huron, for plaintiff and
appellee.

Charles B. Kornmann of Richardson, Gro-
seclose, Kornmann, Wyly, Wise & Klinkel,
Aberdeen, for defendant and appellant.

Joe Nadenicek, Asst. Atty. Gen., Pierre,
for defendant and appellee; Mark V. Meier-
henry, Atty. Gen., Pierre, on brief.

MORGAN, Justice.

This appeal arises from a declaratory
judgment which required appellant, Hous-
ing and Redevelopment Commission of Ab-
erdeen (HRC), to pay a gross receipts tax
on its purchase of electricity from North-
western Public Service (NWPS). HRC ap-
peals, arguing that it is exempt from pay-
ment of such a gross receipts tax by SDCL
10–45–10 and 11–7–72. We affirm the trial
court's ruling that HRC is not exempt from
payment of the tax by these provisions.[1]

HRC, which qualifies as a municipal corpo-
ration, owns a 75-unit apartment building and
several single-family dwellings in Aberdeen.
These units are obtained, operated and
rented under the provisions of SDCL ch.
11–7 to provide housing to low-income fam-
ilies. Under SDCL 11–7–73, HRC makes
payments in lieu of property and sales taxes
owed to local governmental units. These
payments, however, are not made in lieu of
HRC's obligation for the State's gross re-
ceipts tax.

NWPS sells electrical energy to HRC.
The State informed NWPS that HRC was
not exempt from the imposition of a gross
receipts tax on this transaction. Although
NWPS added the tax to its charges, HRC
refused to remit these amounts for the peri-
od from July 1979 until the present.

1. Although HRC contests the absence of find-
ings of fact and conclusions of law, it entered a
stipulation of facts. HRC fails to demonstrate
that this stipulation did not cover all matters
considered by the trial court. SDCL 15–6–
52(b) provides that findings and conclusions
are waived by entering into a stipulation of
facts. HRC's argument lacks merit.

NWPS, however, remitted the payments to the State.

Apparently, the amount of electricity used by HRC at the 74-unit apartment building is measured by a single meter. Thus, there is no way to determine how much electricity is used in the common areas as opposed to the individual apartments. Tenants, however, pay charges for the presence of certain electrical appliances in each of its dwellings. Each apartment tenant using a car plug-in is assessed an additional $25.00 per year; if the tenant uses a freezer $2.00 per month is added to the rent, and an air conditioner costs the apartment tenant $25.00 per year. Family dwellings are assessed slightly different rates; car plug-in privileges cost $25.00 per year, freezers $2.00 per month, each refrigerator costs $5.00 per month, and an air conditioner results in an additional assessment of $40.00 per year.

Absent a specific exemption, HRC is liable for the economic incidence of the gross receipts tax on NWPS' sale of electricity to HRC.[2] *See South Dakota State Medical Association v. Jones*, 82 S.D. 374, 146 N.W.2d 725 (1966). HRC argues that SDCL 10–45–10 grants it tax-exempt status as a municipal corporation. Since the State concedes that HRC is a municipal corporation, our analysis of SDCL 10–45–6 depends on whether "tangible personal property" includes the sale of electricity.

■ Because SDCL 10–45–10 is a tax exemption, the words "tangible personal property" are strictly and narrowly construed in favor of the taxing power and given a reasonable, natural and practical meaning to effectuate the purpose for which the exemption was granted. *Application of Veith*, 261 N.W.2d 424 (S.D.1978); *C. A. Wagner Const. Co. v. City of Sioux Falls*, 71 S.D. 587, 27 N.W.2d 916 (1947); *State v. Knudtson*, 65 S.D. 547, 276 N.W. 150 (1937). Cf. *Nash Finch Co. v. South Dakota Dept. of Rev.*, 312 N.W.2d 470 (S.D. 1981) (tax imposition statutes construed liberally to benefit the taxpayer). For the

purposes of the use tax, tangible personal property includes gas and electricity. SDCL 10–46–1(5). Unless the legislature intended a different meaning, we are bound by this definition. SDCL 2–14–4. The plain intent to supply a different meaning is evidenced by the legislature's 1979 amendment to SDCL 10–45–10 and its dichotomous treatment concerning exemption of and liability for different types of business transactions.

Exemptions are based on public policy and should be construed to effectuate this policy. *East River Legal Services v. State, Etc.*, 303 N.W.2d 375 (S.D.1981). The applicable public policy is determined by what the legislature said, not what they might have said. *National College of Business v. Pennington County*, 82 S.D. 391, 146 N.W.2d 731 (1966). In 1979 the legislature enacted an amendment to SDCL 10–45–10 which added the words "tangible personal property." Before 1979, these words of qualification did not appear in the statute. Additionally, the act which amended SDCL 10–45–10 expressly declared that its public purpose was to "broaden the base of the sales tax." S.D.Sess.L. ch. 84 at 106 (1979). To read "tangible personal property" as appellant urges is to narrow the tax base and annul the legislature's express intent.

■ Moreover, the provisions of SDCL ch. 10–45 demonstrate that the legislature treats the sale of tangible personal property, services and electricity as different taxable transactions. SDCL 10–45–2 applies to the sale of tangible personal property. SDCL 10–45–4 taxes business services. SDCL 10–45–6 places a tax on the *sales, furnishing or service* of electricity. Although each type of transaction corresponds with specifically worded provisions imposing the gross receipts tax, only the sale of business services and tangible personal property are referred to in the exemption provisions. The legislature has never used the words "sales, furnishing or service of . . . electricity" in any provision granting

---

**2.** NWPS bears the legal incidence of the tax under SDCL 10–45–6. The tax, however, is passed through to the consumer under SDCL 10–45–22.

an exemption. With regard to the sales of tangible personal property and business services, however, the legislature has enacted correlative exemption provisions. SDCL 10–45–10, –20. Since the legislature has seen fit to deal with these transactions severally, we reject HRC's attempt to extend the SDCL 10–45–10 exemption for sales of tangible personal property to include sales, furnishing or service of electricity.

This same reasoning disposes of HRC's argument that SDCL 11–7–72 exempts HRC from the gross receipts tax on the sale of electricity. This statute provides, in pertinent part, that,

> The *properties* of a [housing] commission are declared to be public properties ... and such *properties* and the commission shall be exempt from all taxes and special assessments of the city, the county, the state or any political subdivision .... (emphasis supplied)

This provision grants an exemption from property taxes. A gross receipts tax is assessed against the transaction as a condition of doing business. The business and property involved in the sale are clearly those of NWPS. SDCL 11–7–72 will not support HRC's argument that this provision exempts HRC from a gross receipts tax.

Today, we hold that SDCL 10–45–6 imposes a tax on the sale, furnishing or service of electrical energy and that the inclusion of "tangible personal property" in SDCL 10–45–10 was designed to narrow that exemption. SDCL ch. 10–45 does not contain a specific exemption paralleling the language in SDCL 10–45–6. Each exemption relied on by HRC applies only to "tan-

gible personal property" or other property taxes. Even though HRC's situation may be analogous to the situation in *East River Legal Services v. State, supra,* the statutes exempt only the sale of tangible personal property or services.[3] If the legislature intended to exempt the sale, furnishing or service of electricity, it could have provided so in a specific provision. Since we find no such provision, we affirm the trial court's ruling that HRC is not exempt from SDCL 10–45–6. This holding disposes of the other issues raised on appeal and decided by the trial court.

WOLLMAN, C. J., and DUNN and FOSHEIM, JJ., concur.

HENDERSON, J., dissents.

HENDERSON, Justice (dissenting).

State government and municipal government have a commonality of existence: to serve the people. South Dakota seeks to impose a cannibalistic tax upon one of its political subdivisions. HRC, however, refuses to capitulate to this cannibalism. Rather, it is trying to serve the people by providing dwelling accommodations for lower-income families as authorized by SDCL ch. 11–7.[1] The State, having originally authorized HRC to take care of its needy citizenry, maintains that it shall impose a tax on HRC's efforts of assistance.

Prior to July of 1979, neither NWPS nor the State made any attempts to collect a gross receipts tax from HRC on the sale of electricity. In fact, HRC received a letter from the State Department of Revenue in June of 1974 which declared that HRC was

---

**3.** *East River Legal Services v. State,* 303 N.W.2d 375 (S.D.1981), is inapposite, since HRC fails to argue that it is a nonprofit charitable organization. Moreover, the trial court's memorandum decision makes no reference to this type of argument.

**1.** HRC obtained financing for this project by a loan from the United States Government. HRC is not in the business of selling electricity. Each tenant occupies a dwelling or apartment based upon a written lease which obligates HRC to furnish electricity, hot water and gas at no charge to the tenant; each tenant pays rent based on 25% of his or her income. Electricity

is provided as per SDCL 11–7–59(3). Each fiscal year HRC is required by federal law to go through a budgetary process. The Federal Department of Housing and Urban Development reviews all operating expenses of HRC, to include expenses for gas and electricity. A subsidy from this federal agency is then determined and if current expenses are higher, the subsidy is increased. In effect, then, the State desires to tax money appropriated by the United States Congress for electricity furnished to the needy. Neither federal law nor state law can justify this procedure.

exempt from all gross receipts sales tax provisions. At the bureaucratic direction of the Department of Revenue, however, NWPS was compelled to add a 4-cent sales tax and a 1-cent city sales tax to its charges for electricity provided to HRC.

It has been stipulated that HRC is a political subdivision; that is, a municipal corporation. *See* SDCL 11–7–7. Municipal corporations are specifically exempted from sales and service taxes as stated in SDCL 10–45–10:

> There are hereby specifically exempted from the provisions of this chapter and from the computation of the amount of tax imposed by it, the gross receipts from sales of tangible personal property to the United States, to the state of South Dakota, to public or municipal corporations in the state of South Dakota, to any relief agency, which shall mean a nonprofit charitable organization which devotes its resources exclusively to the relief of the poor and distressed or underprivileged, and has been recognized as an exempt organization under Section 501(c)(3) of the Internal Revenue Code, or to any Indian tribe.

As the majority notes, the pivotal question is whether "tangible personal property" includes electricity. I maintain that it does. The words "tangible personal property" are not defined anywhere in SDCL ch. 10–45. In the chapter dealing with use taxes, however, SDCL 10–46–1(5) states (emphasis mine): " 'Tangible personal property' means tangible goods, wares, merchandise, gas and *electricity* when furnished or delivered to consumers or users within this state." [2] With regard to the construction and effect of statutes, this Court is bound by SDCL 2–14–4, which provides (emphasis mine): "Whenever the meaning of a word or phrase is *defined in any statute* such definition is applicable to the same word or phrase wherever it occurs except

where a contrary intention plainly appears." Hence, notwithstanding the lack of definition of "tangible personal property" in SDCL ch. 10–45, the definition of said phrase in SDCL 10–46–1(5) is applicable to the present case. Moreover, several of our neighboring states have concluded that commercially produced electricity is a manufactured product and personal property. *See Hetherington v. Camp Bird Mining, Leasing & Power Co.,* 70 Colo. 531, 202 P. 1087 (1921); *State v. Hardin County Rural Electric Cooperative,* 226 Iowa 896, 285 N.W. 219 (1939); *Minnesota Power & Light Co. v. Personal Prop. Tax, Etc.,* 289 Minn. 64, 182 N.W.2d 685 (1970); *State v. Interstate Power Co.,* 118 Neb. 756, 226 N.W. 427 (1929).

The majority's "dichotomous treatment" argument concerning impositions as compared with exemptions simply does not wash in face of our express statutory guidelines and supportive case authority. We have recently expressed that "statutes which impose taxes are to be construed liberally in favor of the taxpayer and strictly against the taxing body." *Nash Finch Company v. South Dakota Department of Revenue,* 312 N.W.2d 470, 472 (S.D.1981). I submit that SDCL 10–45–10 should be interpreted and applied to all governmental agencies in a uniform manner. Is it consistent, logical or equitable to hold that HRC is required to pay tax on electricity while other municipal corporations are not? Additionally, does it make sense for the State to tax a subdivision of itself which was originally created to provide low-cost services to the needy? Cannibalism is abhorrent in any form. Under the majority's holding, the State is providing benefits with its right hand then usurping those same benefits with its left.

I further believe that SDCL 11–7–72 [3] similarly exempts HRC from the gross re-

---

**2.** It is interesting to note that the State in its brief expresses that fuel oil is tangible personal property but is "unlike electric service" and is therefore exempt. I contend that both are energy and both are capable of producing heat and power.

**3.** SDCL 11–7–72 provides (emphasis mine):
The properties of a commission are declared to be public properties used for essential public and governmental purposes, and such properties *and the commission shall be exempt from all taxes and special assessments* of the city,

ceipts tax on electricity for the same reasons expressed in regard to SDCL 10–45–10, SDCL 10–46–1(5) and cited case law. These three statutes are consistent and inextricably impale the State's position, a position founded upon need arising from a diminishing state treasury. Our State Legislature, elected by the people, sheltered these commissions; the Department of Revenue, surely not elected representatives of the people, have sabotaged the shelter and the Legislature's will. Thus, I would hold that HRC is exempt from the payment of gross receipts tax on electricity.

the county, the state or any political subdivision thereof[.]

To me, "all" means "all"; it does not mean "some." And it means nothing less than all.