**In the Matter of the PETITION OF C M CORPORATION for Tax Abatement.**

No. 13969.

Supreme Court of South Dakota.

Considered on Briefs April 21, 1983.

Decided June 8, 1983.

David L. Knudson, Charles D. Gullickson of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for appellant C M Corp.

Lynn A. Moran, Custer County State's Atty., Karen A. Johnson, Custer County Deputy State's Atty., Custer, for appellee Custer County.

FOSHEIM, Chief Justice.

On September 1, 1971, the city of Custer (City) issued industrial revenue bonds, pursuant to SDCL ch. 9–54, for the purchase of property and construction of a nursing home. On the same date the City entered into a written lease and purchase option agreement with Home Corporation as the lessee of the nursing home property. Also on that date, Home Corporation sublet the property to CM Corporation (appellant). The lease and sublease were part of the documents related to the issuance of the revenue bonds. The City is the record fee owner of the property and the CM Corporation operates the nursing home as Home Corporation's subtenant. The lease is for a term of twenty years with an option to purchase at the expiration of the term. The lease also contains a renewal option whereby the lease can be extended for two terms of ten years each. The agreement requires appellant to pay, or cause to be paid, all taxes, special assessments, fees or other charges of whatever nature legally assessed or imposed on the property. Appellant is additionally responsible for all costs incurred by the City relative to the development project and for the retirement of the bonds plus interest.

No attempt was made to tax the property until June 29, 1979, when the Custer County Equalization Board notified appellant of its intent to do so. The Equalization Board subsequently listed the nursing home property on its tax roll in 1979. On July 30, 1981, appellant filed a petition with the Custer County Board of Commissioners (appellee) to abate such real estate taxes assessed in 1979 and 1980. Appellee denied the petition. Appellant appealed to the circuit court which upheld appellee's decision. This appeal followed. We reverse.

This case was submitted to the circuit court on stipulated facts. Appellant contends the facts show the nursing home property is owned by the City and that it is therefore exempt as a matter of law from real property taxes. Our review of a judgment based on stipulated facts is not governed by the clearly erroneous rule. *Appeal of Black Hills Industrial Freeport, Inc.,* 268 N.W.2d 489 (S.D.1978). Our standard of review is whether the facts support the judgment. *Farmers and Merchants Bank, Etc. v. Ksenych,* 252 N.W.2d 220 (S.D.1977), citing *Wastun v. Lincoln National Life Insurance Co.,* 12 F.2d 422 (8th Cir.1926).

The South Dakota Constitution, Article XI, § 5, states in relevant part: "The property of the United States and of the state, county and municipal corporations, both real and personal, shall be exempt from taxation[.]" This constitutional exemption is self-executing and dependent upon no other condition than ownership. *Freeport, supra; Egan Independent Consolidated School District v. Minnehaha County,* 65 S.D. 32, 270 N.W. 527 (1936). It is nevertheless implemented by SDCL 9–24–6,[1] and embraces all property of a municipal corporation within the state, irrespective of use. *City of Yankton v. Madson,* 70 S.D. 627, 20 N.W.2d 371 (1945).

Appellant basically rests its argument on *Freeport, supra.* In both *Freeport* and here, the challenged taxes were assessed against real property owned by a municipality which it leased out in connection with an economic development project, pursuant to SDCL ch. 9–54. In *Freeport* the county attempted to assess taxes against the tenant who held the property under the lease which had a purchase option. In *Freeport* we held that the tenant held only a leasehold interest and that the property was not subject to tax because it was owned by a municipality.

The trial court was of the view that appellant's property interest is more than a lease-hold interest and actually is "an equi-table interest or title in the property." This conclusion contradicts the stipulated facts which provide that appellant's only interest is that of a subtenant. Furthermore, it fails to give credence to the provisions of SDCL ch. 9–54 which, at the time this project was developed, only allowed municipalities to enter into lease-purchase agreements. S. D. Sess. S.L.1964, ch. 148 §§ 1–2. This was also the state of the law in *Freeport.*

In *Freeport* we noted that in 1975 the Legislature provided, by amendment to SDCL 9–54–8, for payment in lieu of taxes. This amendment stated:

> Agreements shall further provide *for payment of a sum equal to the amount of property tax[es] which would be due if owned by the lessee,* to be prorated among the taxing districts involved and taking into consideration reductions permitted pursuant to § 10–6–35.1 through 10–6–35.3 inclusive for the term of the agreement. (Chap. 93, S.L.1975) (Emphasis added.)

*Freeport,* 268 N.W.2d at 491. We further noted in *Freeport* that

> [a]pparently some cities had been incorporating such a provision in their lease-purchase agreements prior to the amendment because the legislature included a section validating and ratifying contracts and agreements entered into before the effective date of the amendment which provided for total or partial payment in lieu of taxes.
>
> In any event, the amendment indicates a clear legislative intent that title to property subject to lease purchase agreements entered into in accord with the scheme remain in the city-lessor.

*Id.*

Appellee contends that the agreement with the City is distinguishable from *Freeport* because the agreement before us contains a tax payment provision validated by the 1975 amendment, i.e. appellant must pay all taxes legally assessed against it. But this is not a payment in lieu of taxes

---

1. SDCL 9–24–6: Property and assets of every kind belonging to any municipality shall be exempt from taxation and levy and sale on execution.

provision as provided by the 1975 amendment to SDCL 9–54–8. This agreement says nothing about payment in lieu of real estate taxes. Even so, this argument misses the import of *Freeport.* That case held that even if there is a provision in the agreement for payment in lieu of taxes, if a municipality is the owner of property then no tax can legally be assessed against it. Under the stipulation of facts and our *Freeport* decision, the City of Custer is the owner of the nursing home property. This property is therefore not subject to tax. Accordingly, there is no tax to pay and nothing provided in lieu of taxes. *Freeport, supra;* S.D. Const., art. XI, § 5; SDCL 9–24–6.

The judgment is reversed and remanded with instructions to enter judgment in favor of appellant abating the property taxes.

WOLLMAN, DUNN and MORGAN, JJ., concur.

HENDERSON, J., specially concurs.

HENDERSON, Justice (specially concurring).

In *Northwestern Public Serv. Co. v. Housing, Etc.,* 320 N.W.2d 515, 517 (S.D. 1982), I expressed in my dissent: "State government and muncipal government have a commonality of existence: to serve the people. South Dakota seeks to impose a cannibalistic tax upon one of its political subdivisions." Furthermore, I expressed along this vein: "Additionally, does it make sense for the State to tax a subdivision of itself which was originally created to provide low-cost services to the needy? Cannibalism is abhorrent in any form." *Northwestern Public Serv. Co.,* 320 N.W.2d at 518.

The spirit of my dissent in that case is consistent with the majority opinion, although that case pertained to sales and service taxes whereas this case pertains to a municipal corporation and its lessee and lessee's assign being exempt from real property taxes.

In *Northwestern Public Serv. Co.,* State government, in my opinion, was trying to tax municipal government and I rebelled at such theory. In this case, where the county is trying to tax the municipality, I still rebel as I abhor one political subdivision (county) trying to feed off of another political subdivision (municipality). The economic development project commenced by the City of Custer had an ultimate aim of helping the elderly in a nursing home on property owned by the city. In *Northwestern Public Serv. Co.,* the Housing and Development Commission of the City of Aberdeen, a child of Aberdeen, the State sought to tax electricity furnished to the needy and got away with it. We are promised that the lion shall lay down with the lamb. While here, it would serve domestic tranquillity if the political subdivisions of South Dakota government were lambs in the same flock. No lions.