1999 SD 49

**Merrill C. BECK, Ronda S. Beck, Donald C. Beck and Joanne Beck, Plaintiffs and Appellees,**

v.

**R.L. LAPSLEY, Elinor O. Lapsley, Gregory L. Lapsley, as Trustee of the Elinor O. Lapsley Irrevocable Trust, Defendants and Appellants.**

No. 20630.

Supreme Court of South Dakota.

Considered on Briefs Feb. 24, 1999.

Decided April 14, 1999.

Stanley E. Whiting, Winner, South Dakota, for plaintiffs and appellees.

J.M. Grossenburg, Winner, South Dakota, for defendants and appellants.

SABERS, J.

[¶ 1.] R.L. and Elinor Lapsley appeal an order by the circuit court declaring the extent of their homestead exemption. We reverse and remand for proceedings consistent with this opinion.

## FACTS

[¶ 2.] The basic facts are uncontested. Merrill Beck, Ronda Beck, Donald Beck and Joanne Beck (Becks) obtained a judgment in Iowa against R.L. only. The judgment was filed in South Dakota pursuant to the Foreign Judgment Act. When Becks attempted to execute, they discovered that R.L. had transferred his interest in the couple's property to Elinor. Becks contested the transfer as intended to defraud creditors. Following a jury trial, the circuit court agreed, voided the transfer, and returned the property to R.L. and Elinor as joint tenants.[1] R.L. and Elinor filed a motion for declaration of homestead. They have expressed their intent to sell the marital home. The value of the home is approximately $60,000. Both R.L. and Elinor are over 70 years of age.

## STANDARD OF REVIEW

[¶ 3.] "Conclusions of law are reviewed de novo and are given no deference on appeal." *Eccleston v. State Farm Mut. Auto. Ins. Co.*, 1998 SD 116, ¶ 20, 587 N.W.2d 580, 583 (citations omitted). Statutory inter-·pretation is a question of law reviewed de novo. *Id.* at ¶ 26, 587 N.W.2d at 583 (citations omitted).

> The purpose of statutory construction is to discover the true intention of the law which is to be ascertained primarily from the language expressed in the statute. The intent of a statute is determined from what the legislature said, rather than what the courts think it should have said, and the court must confine itself to the language used. Words and phrases in a statute must be given their plain meaning and effect. When the language in a statute is clear, certain and unambiguous, there is no · reason for construction, and the Court's

only function is to declare the meaning of the statute as clearly expressed.

*Eccleston*, 1998 SD 116 at ¶ 26, 587 N.W.2d at 583 (quoting *Dahn v. Trownsell*, 1998 SD 36, ¶ 14, 576 N.W.2d 535, 539) (citations omitted).

## ANALYSIS AND DECISION

[¶ 4.] Article XXI, section 4 of the South Dakota Constitution provides for the creation of a homestead exemption:

> The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws exempting from forced sale a homestead, the value of which shall be limited and defined by law, to all heads of families, and a reasonable amount of personal property, the kind and value of which to be fixed by general laws.

[¶ 5.] SDCL 43–31–1 provides, in part:

> The homestead of every family, resident in this state, as hereinafter defined, *so long· as it continues to possess the character of a homestead* is exempt from judicial sale, from judgment lien, and from all mesne or final process from any court, to the extent and as provided in this code[.]

(Emphasis added).

[¶ 6.] SDCL 43–45–3 defines the extent of the homestead exemption and provides:

> A homestead:

> (1) As defined ánd limited in chapter 43–31, is absolutely exempt; or

> (2) In the event such homestead is sold under the provisions of chapter 21–19, or is sold by the owner voluntarily, the proceeds of such sale, not exceeding the sum of thirty thousand dollars, is absolutely exempt for a period of one year after the receipt of such proceeds by the owner. Such exemption shall not be limited to thirty thousand dollars for a homestead of a person seventy years of age or older or the unremarried surviving spouse of such

---

1. R.L. and Elinor subsequently executed a quit claim deed transferring the property to themselves as tenants-in-common. The status of their joint ownership is not relevant to our determination of this case.

person *so long as it continues to possess the character of a homestead.*

(Emphasis added).

 [¶ 7.] " 'The homestead right depends entirely upon constitutional and statutory provisions that create them[.]' " *Gross v. Gross,* 491 N.W.2d 751, 753 (S.D.1992) (quoting *State* ex rel. *Bottum v. Knudtson,* 65 S.D. 547, 549, 276 N.W. 150, 151 (1937)). " 'The object of all homestead legislation is to protect the home, to furnish shelter for the family, and to promote the interest and welfare of society and the state by restricting, in consideration of the benefits conferred, alienation or encumbrance by the owner's sole act and deed.' " *Gross,* 491 N.W.2d at 753 (quoting *Kingman v. O'Callaghan,* 4 S.D. 628, 637–38, 57 N.W. 912, 915 (1894)).

 [¶ 8.] R.L. claims that his interest in the proceeds from the sale of the marital home should be exempt under the homestead statutes. We agree. A husband and wife may claim only one homestead and only one homestead exemption may be claimed on behalf of the family. However, Becks' judgment is only against R.L. and does not attach to Elinor's property interests. Therefore, R.L. is entitled to claim the entire homestead exemption for the benefit of his interest in the property. *See Neel v. First Federal Sav. and Loan Assoc.,* 207 Mont. 376, 675 P.2d 96, 106 (1984) (holding that wife was entitled to full $40,000 homestead exemption on her undivided one-half interest in the homestead property); *Strangman v. Duke,* 140 Cal. App.2d 185, 295 P.2d 12, 16–17 (1956) (stating that: "[I]f the husband's creditors first pursue the statutory method of enforcing an execution he gets the benefit of the exemption, or if the wife's creditors move first she gets it[.]"). Becks claim the circuit court should have "divided the homestead exemption equally" between R.L. and Elinor. We disagree. There is no provision in our statutes for the apportionment of the exemption.

[¶ 9.] The circuit court ordered that if Lapsleys "sell their marital home . . . and choose not to reinvest the proceeds in a new homestead, only $30,000.00 of the proceeds are exempt from execution for a period of one (1) year." It further ordered that if they "sell their marital home . . . and reinvest said proceeds in a new homestead, that the entire proceeds from the sale of the home are exempt from Plaintiff's judgment."

 [¶ 10.] We disagree and, in reversing, hold that:

1) a judgment creditor's lien applies only against the property interest owned by the debtor and not against the property interest of the debtor's spouse (*See Strangman,* 295 P.2d at 16 ("[E]xecution reaches and the sale conveys only the declaring husband's half of the joint tenancy interest[.]");

2) under SDCL 43–45–3(2), the entire property interest of persons over 70 are absolutely exempt as long as the property continues to possess the character of a homestead; and

3) as soon as the property no longer possesses the character of a homestead, such as upon a voluntary sale, the homestead exemption is limited to $30,-000.

[¶ 11.] Accordingly, we reverse the amended order of the circuit court and remand for proceedings consistent with this opinion.[2]

[¶ 12.] MILLER, Chief Justice, and AMUNDSON, KONENKAMP, and GILBERTSON, Justices, concur.

---

**2.** These holdings are based on the plain language of SDCL 43–45–3(2) and appear to be somewhat contrary to the public policy intended by the Legislature favoring the protection of seniors' homesteads. If so, we encourage a reconsideration of this statute in order to provide adequate protection for persons over 70 who wish to voluntarily sell their too expensive homestead and reinvest the proceeds in a less expensive homestead in South Dakota.